1808.

STERRETT

*v.*

BULL.

## SAME CAUSE.

*Same day.*

On the reversal of the judgment of a lower court upon a bill of exceptions to evidence, this Court may award a *venire facias de novo.*

AFTER the reversal of the judgment in this cause, *Frazer* moved the Court to award a *venire facias de novo* to the court below. The exercise of such a power by the court, he said, would be attended by a saving of time and expense to the parties, who in case of a general reversal of the judgment, without a *venire de novo*, must resort to a new suit; and he contended that the court as a court of error possessed that authority, as was evident from cases both in *England* and the *United States.* In *Harwood* v. *Goodright,* (*a*) Error from the

(*a*) *Cowp.* 89.

Common Pleas, Lord *Mansfield* said that the House of Lords had in two instances awarded the writ, and that the King's Bench as a court of error had the same jurisdiction; and afterwards in delivering the opinion of the court page 91. he says if either side had moved for a *venire facias de novo* " this court " as a court of error could have granted it." So in *Grant* v. *Astle*, (*a*) which was a writ of error from the Common Pleas, brought by the defendant below, the court said " There was no " doubt but a *venire de novo* might be granted by a court of " error; that it had been done by the House of Lords, and was " not a new practice, (1781) for upon inquiry made by this " court on a late case from *Ireland*, a great many instances had " been found;" and so a *venire* was awarded, and the record sent back. In *Davies* v. *Pearce et al.* (*b*), a *venire de novo* was awarded upon the reversal of a judgment, on a *bill of exceptions*. So in *Bent* v. *Baker*. (*c*)

In the Supreme Court of the *United States* this power has been exercised in one instance, and in another admitted though not exercised, because the court were divided in opinion as to the jurisdiction of the court below. This latter case was *Bingham* v. *Cabot et al.* (*d*) But in the former, *Clarke* v. *Russel*, (*e*) there was a perfect verdict below for the plaintiff, a bill of exceptions tendered by defendant to the opinion of the court upon a question of evidence, a writ of error sued out by defendant, a reversal of the judgment in consequence of admitting the evidence, and a *venire facias de novo*, which is exactly this case.

*Frazer* also cited *Trevor* v. *Wall*, (*f*) in which the *venire* was refused; but there the proceedings originated in an *inferior* court. 2 *Bac. Abr. Error. m.* 2. 2 *Cro. Jac.* 206. 1 *Show.* 127. *Cas. temp. Hardw.* 51. *Salk.* 403. *Com. Dig. Pleader.* 2 B. 20.*

*Ross* relied on the case of *Street* v. *Hopkinson et al.* (*g*); error in *B. R.* in Lord *Hardwicke's* time; in which the court

(*a*) *Doug.* 708. (731).
(*b*) 2 *D. & E.* 125.
(*c*) 3 *D. & E.* 27.
(*d*) 3 *Dall.* 19. 42.

(*e*) 3 *Dall.* 415.
(*f*) 1 *D. & E.* 151.
(*g*) 2 *Str.* 1055.

\* *Vid* note (*a*) to *Davies* v. *Pierce*, 2 *D. & E.* 126. where the reporter has classed the cases in which a *venire facias de novo* may be granted.

1808.    say that they cannot award a *venire de novo*, because the action
──────
STERRETT  was not in the same court. He also adverted to its being a case
*v.*      of the first impression in the Supreme Court; but he did not
BULL.     press his argument upon either point.

Per CURIAM. We have no doubt that we have power to award a *venire facias de novo*. It tends to the despatch of justice, as it prevents delay; and there can be no reason against it but want of precedent in this court, for the cases cited seem to shew full authority. The practice of the Supreme Court of the *United States*, although not binding upon us, will always command great consideration.

> Judgment that the record be
> remitted with award of
> *Venire de novo.*