IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

WESTERN DISTRICT, SEPTEMBER TERM 1834.

## Kimmel *against* Kint.(a)

*Signing judgment on the statute for rent in arrear, without taking judgment de retorno habendo at common law, discharges the replevin bond.*

THE case brought up, on error to the common pleas of *Westmoreland* county, was this. Kimmel, the plaintiff, distrained the goods of Boyd for rent. Boyd replevied; executed the replevin bond on which suit is brought with Kint the defendant as his surety; and confessed judgment in the replevin suit for 200 dollars, but without judgment *de retorno habendo* or any rule in nature of a defeasance to give relief on the replevin bond; and, in these circumstances, the question was, whether it could be forfeited. The court below held that it could not; and this was the point raised by the assignment of error.

*Forward*, for the plaintiff.
*Alexander*, for the defendant.

The opinion of the Court was delivered by

GIBSON, J.—The condition of a replevin bond is to prosecute with effect, and return the goods in case a return be awarded. But the

(a) This case was decided at Pittsburgh, September Term 1821; but has not been reported until now.

plaintiff is not to prosecute with effect and return the goods too. The extent of the obligation is, that he shall succeed *or* comply with a judgment of re-delivery.   The bond contains a condition, with alternate branches coupled disjunctively ; and what is the effect of rendering one of them impossible ?   The condition of every bond is for the advantage of the obligor ; and it is settled by Laughter's case, *Cro. Eliz.* 398, that where it gives him the choice of two things, it is saved if either of them become impossible, whether by the act of God, the intervention of the law, or the default of the obligee : as in Moore *v.* Morecomb, *Cro. Eliz.* 864; and Basket *v.* Basket, 2 *Mod.* 200.   In the last of these, the condition was to grant an annuity in six months, at the request of the obligee, or pay 300 pounds ; and it was held that by an omission to make request within the six months, the obligation was discharged.   The principle of that decision is broad enough for the case before us, in which the plaintiff's omission to take such a judgment as would have enabled the defendant to comply with it, and thus perform a particular branch of the condition, has deprived him of his election.   In an action on a *replevin* bond under the 11*th Geo.* 2, *c.* 19, *s.* 23, of which the clause prescribing the condition of the bond in our own statute is a transcript, when the plaintiff counts not merely on the penalty, but on the whole contract, which is the better course, he sets out the distress, the application to the sheriff to replevy, the replevin bond with its condition, the plaint, removal and declaration in the king's bench, the avowry and judgment that the tenant takes nothing by his plaint but that he return the goods ; and then follows the assignment of the breach that he did not return them, or else that he did not appear to prosecute his action with effect.   2. *Chitty's Pl.* 218, 223. There can be no other breach.   It is said, however, that as the writ *de retorno habendo* is not in use with us, a judgment to ground it would be nugatory.   But the defendant may issue it if he please ; and if he could not, it would still be sufficient that the legislature have recognised the judgment proper for it as a means of discharge for the plaintiff and his surety.   In Albright *v.* Pickle, 4 *Yeates* 264, it is said by Mr Justice Yeates, whose opinion in matters of practice is entitled to peculiar respect, that along with judgment for the rent, the judgment *de retorno habendo* is entered of course.   If the surety might be deprived of an opportunity to discharge himself by a surrender pursuant to it, he would be absolute, instead of conditional bail for what should be found due.   The 17*th Car.* 2, *c.* 7, which gives judgment and execution for the rent, touches no condition of the replevin bond, of which restoration of the goods pursuant to a judgment is a principal one.   The statutory part of the judgment is what the surety has not undertaken that his principal shall answer.   He has undertaken that he shall abide the common law judgment ; and to affect the surety it is indispensable that it be rendered.   We do not say that a writ *de retorno habendo* must be issued ; there may possibly be a valid tender without it ;

[Kimmel v. Kint.]

but the right of the surety to exonerate himself by surrendering the goods, must be saved to him through the medium of the common law judgment, or the rule prescribed by the eleventh section of the act of 1772.

A distinction was attempted at the argument, between the rent and the costs of the replevin which were recoverable from the surety as damages, previous to the 17 *Car.* 2; and it was therefore supposed that the right to them is independent of the form of the judgment. They might doubtless have been recovered in this suit without aid from the statute, had not the bond been discharged ; but the defect is not that the rent is irrecoverable from the surety *eo nomine,* but that nothing is recoverable. A surrender of the goods under an appropriate judgment, would have exonerated the surety from the costs of the replevin, as well as from the rent ; and by his being deprived of an opportunity to take the benefit of it, the bond has ceased to be a security for either of them. Were the penalty forfeited, the plaintiff might be let in for his whole demand, at least to the value of the distress. But the objection is, and it is a decisive one, that the bond is saved and nothing is due.

TILGHMAN, C. J. and DUNCAN, J., concurred.

Judgment affirmed.