2ws 29
142 321
2ws 29
169 622

## Gibbs *against* Bartlett.

The condition of a replevin bond requires a continued prosecution of the action of replevin from its commencement, and a successful termination. If the plaintiff prosecute his action to a successful termination in the Common Pleas, and the judgment be reversed in the Supreme Court and no *venire de novo* awarded, the condition of the bond is broken, and a right of action accrues upon it.

Upon a writ of inquiry of damages upon a judgment by default, or on demurrer, for the plaintiff, in an action upon a replevin bond, the value of the property as set out in the writ of replevin, is *primâ facie* the measure of damages, subject, however, to parol evidence by either party of the actual value.

ERROR to the Common Pleas of *Bradford* county.

Eli Gibbs against David Bartlett and Jesse Woodruff. This was an action of debt upon a replevin bond.

Alexander Neely, Thomas Pearsall, and Nathaniel Pearsall sued out a writ of replevin against Eli Gibbs; whereupon they gave bond to the sheriff and received the goods. The action of replevin was tried and a verdict and judgment rendered for the plaintiff, which was removed to the Supreme Court by writ of error, where the judgment was reversed, and no *venire de novo* was awarded. See for report of the case, 7 *Watts* 305. The plaintiff, Eli Gibbs, then obtained an assignment of the replevin bond and brought this action upon it. The plaintiff, after reciting in his declaration all the previous proceedings in the action of replevin, thus concludes it:

" And such proceedings were thereupon had in the said plea of replevin, in the said Court of Common Pleas, of the said county of Bradford, and also in the Supreme Court of the commonwealth of Pennsylvania, to which said last-mentioned court the record and proceedings in said plea were removed by writ of error, that the said Alexander Neely, Thomas Pearsall, and Nathaniel Pearsall did not prosecute their said suit with effect, but wholly failed therein, and it was considered and adjudged by the said Supreme Court that they should take nothing by their said writ, &c. Whereby the said Eli Gibbs became entitled to have restitution of the said goods and chattels, &c., as by the record and proceed-

II. — c *

[Gibbs v. Bartlett.]

ings thereof more fully appears; of all which said several premises, as well the said Alexander Neely, Thomas Pearsall, and Nathaniel Pearsall, as the said Daniel Bartlett and Jesse Woodruff, had notice. And the said Eli Gibbs in fact further saith, that the said Alexander Neely, Thomas Pearsall, and Nathaniel Pearsall, did not prosecute their said suit with effect, but therein wholly failed, and did not make a return of the said goods and chattels, or any part thereof, according to the form and effect of the said condition of the said writing obligatory, but have hitherto wholly neglected and refused so to do; whereby the said writing obligatory became forfeited to the said John L. Webb, so being sheriff of said county of Bradford as aforesaid. And the same being so forfeited, the said sheriff, afterwards, to wit, on the 25th day of July, in the year one thousand eight hundred and thirty-eight, at the county aforesaid, at the request of the said Eli Gibbs, by an endorsement on the said writing obligatory, duly made and attested, in the presence of two credible witnesses, under the hand and seal of the said John L. Webb, sheriff as aforesaid, assigned the said writing obligatory to the said Eli Gibbs, according to the form of the statute in such case made and provided; as by the said assignment endorsed on the said writing obligatory as aforesaid, according to the form of the statute in such case made and provided, and to the court now here shown, the date whereof is the day and year last aforesaid, may more fully appear. By means whereof, and by force of the statute in such case made and provided, an action hath accrued to the said Eli Gibbs, as assignee of the said John L. Webb, sheriff as aforesaid, to demand and have of the said Daniel Bartlett and Jesse Woodruff, the said sum of one thousand dollars above demanded. Yet the said Daniel Bartlett and Jesse Woodruff (although often requested so to do) have not, nor hath either of them, yet paid the said sum of one thousand dollars above demanded, or any part thereof, to the said John L. Webb before the said assignment, or to the said Eli Gibbs, assignee as aforesaid, or either of them, since the said assignment, but have hitherto wholly neglected and refused so to do, and still do neglect and refuse to pay the same or any part thereof to the said Eli Gibbs, assignee as aforesaid, to the damage of the said Eli Gibbs of one thousand dollars, and thereof he brings his suit, &c.

Plea. And the said Daniel Bartlett and Jesse Woodruff, defendants in the above entitled cause, by Williston and Elwell, their attorneys, come and defend the wrong and injury, when, &c., and say that the said plaintiff ought not to have or maintain his aforesaid action thereof against them, because they say, That although true it is that the said Alexander Neely, Thomas Pearsall and Nathaniel Pearsall sued forth a writ of replevin out of the court of Common Pleas of the county of Bradford, against the said Eli Gibbs, for certain goods and chattels in the said writ of

[Gibbs v. Bartlett.]

replevin mentioned, and as the said plaintiff hath in declaring alleged, and that, on suing out said writ of replevin, the said defendants did, in pursuance of the statute in such case made and provided, as sureties for the said Alexander, Thomas and Nathaniel, execute and deliver to the said John L. Webb, sheriff of the county of Bradford, a bond, with condition as set forth in the declaration of the said plaintiff, and that the said sheriff did thereupon replevy and deliver to the said Alexander Neely, Thomas Pearsall and Nathaniel Pearsall, certain goods and chattels specified in his, the said sheriff's return, and set forth in the declaration of the said plaintiffs. Yet the said defendants further in fact say that on the return day of said writ of replevin, to wit, on the 11th day of May 1835, the said Alexander, Thomas and Nathaniel did appear in the said Court of Common Pleas of Bradford county, and prosecuted their said suit in replevin to recovery of verdict and judgment in the said court against the said Eli Gibbs, which proceedings and judgment were, by the said Eli Gibbs, removed by writ of error to the Supreme Court for the northern district of Pennsylvania, and after argument thereon, it was ordered and adjudged, by the said Supreme Court, that the judgment aforesaid of the Court of Common Pleas of Bradford county, be reversed; and the defendants further say, that no further or other judgment or order of the said court was rendered or made in the said suit. All which the said defendants are ready to verify and prove by the records of the Court of Common Pleas of Bradford county, and by the record of the said Supreme Court in the said cause, remitted to and now remaining in the said court of Common Pleas of Bradford county. The said defendants protesting against the inferences and allegations of the said plaintiff, in his said declaration, that the said Eli Gibbs, by the said proceedings, became entitled to have restitution of the said goods and chattels, &c., and that the said bond became forfeited, &c. Wherefore the defendants pray judgment, and that the said plaintiff be precluded from having and maintaining his aforesaid action thereof against them, &c.

Demurrer. And the said Eli Gibbs as to the said plea of the said Daniel Bartlett and Jesse Woodruff, by them above pleaded, saith, that the same and the matters therein contained, in manner and form as the same are above pleaded and set forth, are not sufficient in law to bar or preclude him, the said Eli Gibbs, from having or maintaining his aforesaid action thereof against them, the said Daniel Bartlett and Jesse Woodruff, and that he, the said Eli Gibbs, is not bound by the law of the land to answer the same, and this he, the said Eli Gibbs, is ready to verify; wherefore, for want of a sufficient plea in this behalf, he, the said Eli Gibbs, prays judgment and his debt aforesaid, together with his damages by him sustained, on occasion of the detention thereof, to be adjudged to him, &c.

Joinder. And the said Daniel Bartlett and Jesse Woodruff

[Gibbs v. Bartlett.]

say, that their said plea, by them above pleaded, and the matters therein contained, in manner and form as the same are above pleaded and set forth, are sufficient in law to bar and preclude the said·Eli Gibbs from having or maintaining his aforesaid action thereof against them, the said Daniel Bartlett and Jesse Woodruff, and that they are ready to verify and prove the same, when, where and in such manner as the said court here shall direct and award; wherefore, inasmuch as the said Eli Gibbs hath not answered the said plea, nor hitherto, in any manner, denied the same, the said Daniel Bartlett and Jesse Woodruff pray judgment, and that the said Eli Gibbs may be barred from having or maintaining his aforesaid suit thereof against them, &c.

Judgment.—And now, to wit, on this 11th day of May, in the year one thousand eight hundred and forty-one, at a Court of Common Pleas held at Towanda, in and for said county of Bradford, before the judges of the same court, come the parties aforesaid, by their respective attorneys. Whereupon, all and singular the premises being seen, and by the court here more fully understood, and mature deliberation being had thereupon, for that it appears to the court now here, that the said plea, by the said Daniel Bartlett and Jesse Woodruff, in manner and form aforesaid pleaded, and the matters in the same contained, are good and sufficient in law to bar the said Eli Gibbs from having his said action against them. Therefore it is considered that the said Eli Gibbs take nothing by his said bill, &c., and that the said Daniel Bartlett and Jesse Woodruff, do go thereof without day, &c."

. Error assigned. The court should have rendered judgment upon the demurrer for the plaintiff.

*Case,* for plaintiff in error, argued that the plaintiff in the replevin did not prosecute his writ with effect, but failed in his action, and that too upon grounds fatal to his right to the property, which was the subject of controversy. 7 *Watts* 305. The condition of the bond was therefore forfeited, and a right of action accrued to the present plaintiff, as the only remedy by which he could be restored to his rights. It is not essentially necessary that a writ *de retorno habendo* should issue for the property; for if it were, the defendant in the action of replevin, in all cases where the property is delivered to the plaintiff on the writ, might be deprived of his property by a refusal of the plaintiff to proceed in the action to an issue which could produce such a judgment: he may refuse to plead at all, and become non-suit, which would clearly be a forfeiture of his bond. *Carth.* 248, 519; 14 *Petersdorff Ab.* 255; 1 *Pick.* 286; 7 *Am. Com. Law* 566; *Will. Rep.* 38; 2 *Watts* 431; *Selw. N. P.* 1013; 15 *Eng. Com. Law Rep.* 82.

As to the measure of damages, it is but just that the court

[Gibbs v. Bartlett.]

should fix the damages at the value placed upon the property by the plaintiff himself, in the action of replevin. . 11 *Pick.* 223; 7 *Am. Com. Law* 569; 4 *Whart.* 500; 7 *Com. Dig.* 269.

*Elwell* and *Williston*, for defendant in error. To prosecute a suit with effect, is to secure to the party the object of it. The subject matter of the controversy in the action of replevin, was the possession of the property, and the result of the action is, that he is left in the possession of it, and no remedy given to the defendant to deprive him of it: he has every thing he sought to recover; he did therefore prosecute his action with effect and without delay. Besides, this being an action against the sureties, there should be no recovery against them until an opportunity was offered to have a return of the property according to the condition of their bond. Here there was no judgment *de retorno habendo* which was essential to fix the bail. 12 *Wend.* 589; 5 *Serg. & Rawle* 132; 2 *Watts* 431; 5 *Watts* 347.

The opinion of the Court was delivered by

ROGERS, J.—The condition of a replevin bond is, to prosecute the suit with effect, and make return of the goods and chattels, if a return thereof shall be adjudged. It is not, as is erroneously supposed, in *Kimmel* v. *Kint*, (2 *Watts* 432), in the alternative, with alternate branches coupled disjunctively, but they are distinct and independent of each other, and a breach of one of them will occasion a forfeiture. Thus it has been ruled, that if the plaintiff neglect to levy his plaint at the next County Court, or if he make default in any of the subsequent proceedings, or do not prosecute the suit with effect, the defendant may take an assignment of the bond. *Turnor* v. *Turner*, (2 *B. & B.* 112); *Ex parte Boyle*, (2 *D. & R.* 13); *S. C.* (4 *Moore* 616). The term prosecuting *with effect*, means with success, and extends to one continued prosecution from the commencement until the termination of the suit. Thus where to debt on bond the defendant pleaded that he had prosecuted the suit with effect in the county court, but that a writ of error had been brought in the court above, where the judgment had been reversed; and the plaintiff replied, that the judgment in the court above also was, that the plaint in the court below should abate, and that there should be a return irreplevisable; upon demurring to this replication, the court held that the words, "to prosecute with effect" in the court below, were not confined to the prosecution in that court only, but extended also to the prosecution of the writ of error, as that was part of the suit commenced below. *Chapman* v. *Butcher*, (*Carthew* 248, 519; 1 *Show.* 400); *Gwillim* v. *Holbrook*, (1 *Bos. & Pull.* 410). So where the plaint is removed into a Supreme Court, the condition of the bond is not satisfied by having prosecuted the suit with effect in the county court; but the plaintiff must follow

[Gibbs v. Bartlett.]

it into the court above. *Vaughan* v. *Norris,* (*Ca. temp. Hard.* 139); *Turnor* v. *Turner,* (2 *B. & B.* 112); 7 *Com. D.* 269. It has also been ruled, that the bond may become forfeited by not prosecuting the suit without delay. Thus, where the plaint was levied in the county court, and two years were allowed to elapse without any further steps being taken, it was held the obligee might recover, although judgment of *non pros* was never signed in the county court. *Axford* v. *Perrett,* (1 *M. & P.* 470). And where the plaintiff in replevin is guilty of a breach of the condition, by not prosecuting his suit without delay, it need not appear that the suit is determined. *Harrison* v. *Wardle,* (5 *B. & Adolph.* 146). The same rule holds good when a suit has been discontinued. 15 *Com. Law Rep.* 82; 11 *Com. Law Rep.* 230; *vide Hurlstone on Bonds* 68, 9 *Law Lib.* 68; *Badlam* v. *Tucker,* (1 *Pick.* 286); 3 *Selw. N. P.* 1013, *note* 8; 2 *Wils.* 41. In the cases cited, no judgment of *de retorno habendo* was entered. Of course, such a judgment is not indispensable to warrant a recovery on the replevin bond, as seems to have been the opinion of the court in *Kimmel* v. *Kint.* It is admitted, that the writ of *de retorno habendo* is not in use. Indeed, it is doubtful whether such a writ was ever issued in this state. It would therefore seem to be perfectly nugatory to send this case back, that such a judgment may be entered; it would increase the trouble and expense for no manner of advantage to any person; for although it is said, that the surety should not be deprived of an opportunity to discharge himself by a return of the goods, yet it seems very questionable whether, at any time, the defendant could save the forfeiture by a tender of return of the goods. The judgment *de retorno habendo* is not intended for the benefit of the defendant, but of the plaintiff in the replevin bond, who in some cases perhaps might prefer a return of the goods to the damages assessed by the jury. It would be any thing but an act of justice to permit a person who has wrongfully deprived another of his goods, and retained them in his possession until they were nearly destroyed by time and use, afterwards, when judgment was rendered against him for his wrongful act, to save a forfeiture of the bond by an offer to return the article in its depreciated condition. Nor can the sureties be placed in any better situation than the principal. But be this as it may, we think it very clear that the judgment of the court, in the case at bar, was erroneous. The case is this: Alexander Neely & Co. brought replevin against Eli Gibbs, who is the present plaintiff. Neely obtained judgment against Gibbs in the Court of Common Pleas, which was removed by writ of error to the Supreme Court. On argument, the judgment of the Court of Common Pleas was reversed, but no *venire de novo* was awarded. And the reason of this entry appears, in the report of the case, *Gibbs* v. *Neely,* (7 *Watts* 305), to have been because, upon the admitted state of facts, the plaintiff could not recover.

[Gibbs v. Bartlett.]

The judgment was advisedly entered "judgment reversed," without more; for, according to our practice, which saves expense and trouble, such a judgment is a final judgment. Either party was at liberty to ask for a *venire de novo,* but both were content with the judgment. How then, with this entry on the record, can the defendant say that he has performed the condition of his bond, which obliges him to prosecute his suit with effect, and without delay? The case comes directly within the principles of the cases cited above.

Then as to the measure of damages and the manner of assessing them, in *Huggeford* v. *Ford,* (11 *Pick.* 223), it is held that in an action on a replevin bond, the valuation in the writ of replevin is to be considered the value of the property. The defendant confessed a forfeiture of the bond, and the question before the court upon a hearing in chancery was, for what sum judgment should be rendered upon the bond. It can make no difference in the rule, whether the question arises on a confession of forfeiture, or a judgment in demurrer, or on the trial before the jury. It is not recollected that it has ever been ruled in this state, that the plaintiff is held to the value of the goods stated in the writ. On the contrary, the practice has been uniformly otherwise. The court say the plaintiff in replevin sets his own value upon the goods, and as he takes them out of the possession of a person *primâ facie* entitled to the custody of them, and undertakes to prove a title in himself, which he subsequently fails to do, there seems no hardship in holding him to the value fixed in his writ; and that a different rule would introduce parol evidence, and valuations would be offered, depending on opinion and the variation of prices in the market, which would often lead to injurious consequences. The latter reason would seem to strike at all parol evidence whatever, which like all human testimony, must be in some measure uncertain, but which is indispensable in a great majority of cases, to prevent injustice. It is not necessary nor indeed usual in a declaration, however it may be in a writ of replevin, to insert the price of the cattle, or goods; but when it is done, whether in the writ or declaration, the pleader will take care to fix the outside value, on the supposition that the jury perhaps, would not be at liberty to give more than the estimated value of the plaintiff himself. 3 *Saund.* 320, *note* 1, and authorities there cited. It is not usually done with a very nice attention to the real value of the goods, and some injustice would be the result of a rule which makes the value fixed in the writ, conclusive evidence. For these reasons it has ever been considered as *primâ. facie,* but not conclusive evidence. Nor is this doctrine inconsistent with the case of *Knowles* v. *Lord,* (4 *Whart.* 504), which turned on the inviolability of the sheriff's return to the writ of replevin. This bears no similitude to the value named in the writ. It is true that it is very strong evidence, because it

may amount to a confession of record; but still it is open to countervailing proof of the real value.

Judgment reversed, and judgment for the plaintiff. Record remitted to the Court of Common Pleas, with direction to award a writ of inquiry to assess damages.