*Court of Common Pleas, Dauphin County, April 7th,* 1853.

SHELL, TO USE OF HOCHLANDER, *v.* HUMMEL AND GEIGER.

The sale of the property on an execution issued by plaintiff in replevin, does not prevent the defendant from recovering the value of the goods on the replevin bond. The defendant has an interest in the property replevied which is subject to legal sale. The plaintiff is entitled to a credit on account of the sum realized by the sale of the article replevied.

BY THE COURT.—The special verdict rendered by the jury in this case raises three questions. 1st. Did the sale of the boat by the sheriff, on the *fi. fa.* issued by Hummel against Hochlander, so far satisfy the replevin bond as to preclude the defendant in replevin from now recovering the value of the boat on the bond? 2d. Had Hochlander such an interest in the property before the execution of the writ of *retorno habendo* as was subject to levy and sale? 3d. Is Hummel entitled to any credit in this suit on account of the sum realized from the sale of the boat? The authorities are abundant, that so soon as Hummel took the boat into his possession on the replevin, it was subject to levy and sale as his property. 1 Brown's Chancery R. 427; 2 Dallas, 68; Idem, 131. The replevin bond was substituted for the goods. Hoch-lander was not bound to look farther after the property, but could

resort to the bond to recover his damages, costs, and the value of the boat on the determination of the suit. Gibbs *v.* Bartlett, 2 W. & S. 29; Balsly *v.* Hoffmann, 1 Harris, 603. The title was not vested in him until a writ of *retorno habendo* was executed. Whilst he need not issue, in order to give him a right to recover on the bond, which was forfeited and subject to an action on the failure to prosecute the replevin suit with effect. 5 Barn. & Cress. 284; 2 W. & S. 29. In the latter case, Judge Rogers says: "It is doubtful whether a writ of *retorno habendo* was ever issued in this State." It is very clear, from the most abundant authority, that it is unnecessary. The Supreme Court of Massachusetts fully recognizes the doctrine that the property does not vest in the defendant in replevin by the judgment in his favor, but he may pursue and retake it by writ, or sue the bond at his option. Parker *v.* Simonds, 8 Met. 205. I am of opinion that, until the writ of *retorno habendo* was executed, Hochlander had no interest in the boat which was subject to levy by any one, and least of all by Hummel, who had averred of record that the property belonged to himself, had taken it into his possession, and substituted his bond with security in his stead. Therefore the sale on the *fi. fa.* did not satisfy the replevin bond. Hochlander was not bound to look to the property or accept it if tendered to him, as it might have greatly deteriorated in value by the time of trial, or even rendered wholly worthless. This is the doctrine of Gibbs *v.* Bartlett, which is recognized and approved in several later cases. Although this sale was irregular, yet Hochlander has had the advantage of it by obtaining a credit on the judgment which he owed Hummel to the amount which the property brought on the *fi. fa.* It is therefore the subject of a fair equitable defence to that extent. The boat sold for $49. $26.05 was applied to the debt, and $22.95 to the costs; of the latter $7.75 were the costs of sale, which were improperly incurred, without legal sanction, and must be disallowed. The other costs were those of the original action, and stand on the same footing with the debt. The amount to be deducted from the credit is $41.25. I am aware that in many cases the principle has been recognized that a party cannot raise an equity by an illegal sale; yet our course is sanctioned by the case of Dunham *v.* Kinnear, 1 Watts, 130; particularly by what is said by Kennedy, J., page 134. In many of its features that case very closely resembles the present. There is another ground on which the present credit ought to be sustained. If the boat had been returned to the defendant in replevin, but in a deteriorated state, he could have still looked to his replevin bond as an indemnity for the difference between the value at the time of trial and the return. The sheriff's sale shows that this property was worth only $49 after the former trial, and the verdict fixes its value at $150 at the

[Nisley *v.* Kinter.]

time of trial. It may be presumed that the balance was the difference in value from decay and ill use. I had some doubt as to the effect of the writ of *retorno habendo*, but have come to the conclusion that it does not stand in the way of plaintiff's recovery. It is true that by issuing it the plaintiff has elected to take the property instead of relying on the replevin bond, but, as nothing was or could be done by the sheriff under that writ, it is merely void, and can have no effect. There was no necessity to issue it. Prior to that time the defendant in this case had levied on the boat in his own possession and sold it. The illegal act was consummated, and no attempted election on the part of Hochlander could change it. The motion for a new trial is overruled. There was conflicting evidence as to the value of the boat. The plaintiff in replevin had fixed it at $230, which is *prima facie* evidence of the value at the time, as has been repeatedly decided. Judgment is entered on the special verdict in favor of the plaintiff for $108.75, being the amount due after making the deductions as before stated; also for costs of suit.

*Boas, for plaintiff.*

*Fleming, for defendant.*