# Fries *versus* Pennsylvania Railroad Company.

1. Where a case has been tried upon its merits and a verdict and judgment entered for plaintiff, and afterwards on error the judgment is reversed, but no *venire facias de novo* is awarded, that judgment of reversal constitutes no bar to another suit for the same cause of action.

2. The exercise by the Supreme Court of the power to award a *venire facias de novo* in cases where it has reversed the judgment of the court below is controlled by the character of the case and the sound discretion of the court.

May 24th 1881. Before MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. SHARSWOOD, C. J., absent.

ERROR to the Court of Common Pleas of *Blair county:* Of May Term 1881, No. 141.

Case, by Samuel I. Fries, trading as the Union Hardware Company, against the Pennsylvania Railroad Company, to recover damages for certain hardware and personal property lost or destroyed while in transit in the cars of the defendant company. The defendant pleaded specially that the plaintiff had brought a former suit for the same cause of action in the Court of Common Pleas of Blair county, to October Term 1875, No. 191, wherein the plaintiff recovered a verdict and judgment for $1836.46; that the defendants sued out a writ of error to the Supreme Court, whereupon the said judgment was reversed and the said Supreme Court subsequently discharged a rule to show cause why a *venire facias de novo* should not be awarded (see Penna. R. R. Co. *v.* Fries, 6 Norris 234). The plaintiff demurred to the said plea, and the Court of Common Pleas entered judgment for the defendant on the demurrer.

The plaintiff took this writ of error, assigning for error the entering of judgment for the defendant on the demurrer.

[Fries *v.* Pennsylvania Railroad Co.]

*S. S. Blair* (*Alexander & Herr* with him), for the plaintiff in error.—The effect of the judgment in the Supreme Court of "judgment reversed" without the award of a new venire is only to ease the defendant from the result of an erroneous judgment in the court below, and leaves the parties *in statu quo ante bellum.* The judgment of reversal cannot be pleaded as an estoppel in a new suit for the same cause of action. The judgment *quod judicium reversetur* is only conclusive of the fact that the court below committed an error : 3 Bac. Ab. 387, tit. Error ; Smith *v.* Sharp, 5 Watts 292 ; Coleman's Appeal, 12 P. F. Smith 252 ; Aurora *v.* West, 7 Wall. 82. If the court below had granted a nonsuit, the plaintiff could have brought a new action. What is the difference, where the court below submitted the case to the jury, and a verdict and judgment was had for the plaintiff, but the judgment was reversed by the Supreme Court without a new venire ? In England, it was always the practice under the statute 21 James I., to bring a new action in such cases ; and our Act of March 27th 1713, § 2, Purd. Dig. 932, pl. 20, which is copied from that of 21 James I., expressly authorized a plaintiff in such case to commence a new suit within a year after the judgment of reversal. In order to expedite business, the Supreme Court adopted the practice of allowing a new venire, but it is always a matter of discretion. Sterrett *v.* Bull, 1 Binney 238, is the first precedent in this state for allowing a *venire facias de novo :* Mercer *v.* Watson, 1 Watts 330, 333–34.

It may be that for some purposes, a judgment of reversal is a final judgment, *e. g.,* to support a writ of error to the Supreme Court of the United States, or in replevin to fix the liability on the bond, as in Gibbs *v.* Bartlett, 2 W. & S. 29. But as *res judicata* between the parties in a suit of this character, it is no judgment at all.

*L. W. Hall* and *D. J. Neff,* for the defendant in error.— The Act of 1713 is a statute of *limitation,* and its only effect is to declare that in cases where the plaintiff has a good right to sue, he must bring his suit within one year. The act refers only to cases where there was no trial on the merits, and the authorities cited were cases where the merits were not decided. But this case was fully tried and reviewed on the merits, and this court decided that the plaintiff had no cause of action, because the damage was caused by the act of God (6 Norris 234). And because the plaintiff had no cause of action, this court overruled his motion for a *venire de novo,* and that judgment was final : Mayer *v.* Walter, 14 P. F. Smith 283 ; Bellas *v.* Hays,

5 S. & R. 445 ; Griffith *v.* Eshelman, 4 Watts 51 ; 1 Tr. & H. Prac. 72 (Ed. 1880) ; Freeman on Judgments, § 247.

Mr. Justice MERCUR delivered the opinion of the court October 3d 1881.

This contention arises on what effect is to be given to a former judgment between the same parties and for the same cause of action ?    In the former case a general verdict was found in favor of the plaintiff, and judgment was entered thereon.    On error by the defendant to this court, that judgment was reserved, but a *venire facias de novo* was refused.    This suit was brought in less than one year thereafter, for the same cause of action.    The question is, whether the former judgment is a bar to this last action ?    The court below held it was, and on demurrer to a plea thereof, entered judgment in favor of the defendant.

In 3 Bac. Abr. 386 it is said, " If judgment be given against the defendant, and he bring a writ of error upon which the judgment is reversed, the judgment shall only be *quod judicium reversetur;* for the writ of error is brought only to be eased and discharged from that judgment."

The power of this court to award a *venire* in the case of a reversal of the judgment is now settled.    It was so held in Sterrett *v.* Bull, 1 Binn. 238, and we are not aware that the power has since been questioned.    The exercise thereof is controlled by by the character of the case, and the sound discretion of the court.

A judgment of reversal without a *venire* is not such a final judgment that an execution can issue thereon for the collection of costs : Smith *v.* Sharp, 5 Watts 292.    The effect of such a judgment was considered in Mercer *v.* Watson, 1 Watts 330. It was a judgment by this court, in case of a general verdict and judgment, on error by one who had recovered a previous verdict and judgment against the same party for the same land and on the same title ;  yet the two judgments were held insufficient to bar another action of ejectment by the other party.    In delivering the opinion of the court Mr. Justice KENNEDY said, "A judgment merely reversing the judgment of the court below rendered on a general verdict, may be, and often is, for a cause that does not ultimately vary or change the final determination of the case. . . . . It may furnish some ground to presume, that the party against whom the writ of error was sued out, or the court, or both, if you please, thought that from the nature of the case that had been declared, a *venire facias de novo* would not be likely to be available to the defendant in error : but not to prevent absolutely his bringing a new action, in case he should

[In re Road in Cherry Grove Township.]

afterwards change his mind, or discover that he can supply what was wanting before, or in any way overcome the difficulty or objection then interposed to his recovery."

In personal actions the right of a party to commence a new suit, after the reversal of a prior judgment in his favor for the same cause of action, is distinctly recognized by the Act of March 27th 1713, 1 Smith's Laws 76. Section 2 declares : " If in any of the said actions or suits, judgment be given for the plaintiff, and the same be reversed by error, or a verdict passed for the plaintiff, and upon matter alleged in arrest of judgment, the judgment be given against the plaintiff, that he take nothing by his plaint, writ, or bill, then and in every such case, the party plaintiff, his heirs, executors or administrators, as the case may require, may commence a new action or suit, from time to time, within a year after such judgment reversed or given against the plaintiff as aforesaid, and not after." The present action is of the kind referred to in the statute, and it was brought within a year after the reversal of the former judgment.

It is true in Gibbs *v.* Bartlett, 2 W. & S. 29, it was held, the reversal of a judgment in replevin, without a *venire*, was con clusive as to the liability of the surety in the replevin bond, conditioned that the plaintiff " prosecute the suit with effect and without delay ;" yet as said by the present chief justice in commenting on that case in Coleman's Appeal, 12 P. F. Smith 252, " It is by no means clear that a simple judgment of reversal in a court of error is such a final judgment as to have the effect of an estoppel :" citing Aurora City *v.* West, 7 Wallace 92. Neither the Act of 1713,. nor the case of Mercer *v.* Watson were noticed. We think the case of Mayer *v.* Walter, 14 P. F. Smith 283, properly understood, is not in conflict with the conclusion at which we have arrived. When the case between these parties was previously here, we held the facts proved gave no cause of action. The judgment of reversal then rendered, was a declaration of the law on that evidence. If on another trial the evidence shall be substantially the same, it will be the duty of the court to apply the law as we then declared it. That judgment, however, is not a legal bar to the present action. .

Judgment reversed and a procedendo awarded.