## Moser v. Philadelphia, Harrisburg & Pittsburg Railroad Company, Appellant.

*Appeals—Practice, Supreme Court—Costs—Reversal of judgment— Acts of May 19, 1897, P. L. 67, and April 27, 1909, P. L. 263.*

Where an appeal from a judgment on a verdict for plaintiff is terminated by the order "The judgment is reversed," the prothonotary of common pleas on return of the record has no power to enter judgment in favor of the defendant and against the plaintiff for costs incurred in the common pleas and on the appeal. Such an order is not a final determination of the case within the meaning of the Act of May 19, 1897, P. L. 67, which imposes the costs on the party "finally losing the cause," nor within the meaning of the Act of April 27, 1909, P. L. 263, relating to the taxation of the cost of printing paper-books.

Argued March 10, 1913. Appeal, No. 24, March T., 1913, by defendant, from order of C. P. Cumberland Co., Sept. T., 1908, No. 177, striking off judgment in case of Margaret Moser v. Philadelphia, Harrisburg & Pittsburg Railroad Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Rule to strike off judgment. Before SADLER, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule to strike off judgment.

*J. W. Wetzel*, with him *Conrad Hambleton*, for appellant, cited: Pennsylvania Co. v. Wallace, 36 Pa. C. C. Rep. 602.

*S. B. Sadler*, with him *Joseph P. McKeehan*, for appellee.

OPINION BY RICE, P. J., October 13, 1913:

The plaintiff brought an action of trespass against the defendant to recover damages for undue and unreasonable discrimination in the matter of furnishing facilities for transportation. From the judgment on verdict in the plaintiff's favor the defendant took an appeal to the Supreme Court, which was terminated by the order, "The judgment is reversed." On the return of the record, the prothonotary of the common pleas entered judgment in favor of the defendant and against the plaintiff for costs incurred in the common pleas, as well as those incurred on the appeal. Subsequently, on the application of the plaintiff, and after due notice to the defendant and hearing, the court struck off the judgment for costs, and from that order the defendant took the present appeal.

In Smith v. Sharp, 5 Watts, 292, it was declared: "Arrest of judgment has not the effect of giving the defendant costs; and it would be curious if he might entitle himself by procuring an equivalent for it in the court above. . . . On a simple reversal there is no award of execution except for purposes of restitution. The parties are left where they began, the case not being provided for by the statute of Gloucester, or any other which gives costs." The doctrine of this case was expressly approved by the Supreme Court in Fries v. Penna. R. R. Co., 98 Pa. 142, and by this court in Ellis v. Agricultural Ins. Co., 9 Pa. Superior Ct. 392, and is relied on by the text-writers: Brightly's T. & H. Pr., sec. 877; Wadlinger on Costs, secs. 19, 39; Monaghan's Appellate Pr., sec. 239; 2 Johnson's Pr. in Penna., sec. 64. The question then arises, whether the rule was changed by sec. 21 of the Act of May 19, 1897, P. L. 67, which, after defining what the costs in any appealed case shall be, provides that they shall be paid

by the party "finally losing the cause," except, etc. In ascertaining the intention of the legislature in the use of these words, it is to be borne in mind that it was then the settled law, as it is now, that where a case has been tried on its merits and a verdict and judgment entered for plaintiff, and afterwards, on error, the judgment is reversed but judgment is not entered for the defendant and no venire facias de novo is awarded, the judgment of reversal constitutes no bar to another suit for the same cause of action: Fries v. Penna. R. R. Co., 98 Pa. 142; Spees v. Boggs, 204 Pa. 504; Fry v. National Glass Co., 219 Pa. 514; Livingston v. South Middleton Twp. Sch. Board, 15 Pa. Superior Ct. 358. The nature and effect of such judgment was fully considered in Mercer v. Watson, 1 Watts, 330, where Justice KENNEDY, in the course of a learned discussion of the subject, said: "A judgment merely reversing the judgment of the court below rendered on a general verdict, may be, and often is, for a cause that does not ultimately vary or change the final determination of the case. . . . It may furnish some ground to presume, that the party against whom the writ of error was sued out, or the court, or both if you please, thought, that from the nature of the case that had been declared, a venire facias de novo would not be likely to be available to the defendant in error, but not to prevent absolutely his bringing a new action, in case he should afterwards change his mind, or discover that he can supply what was wanting before, or in any way overcome the difficulty or objection then interposed to his recovery." In Fries v. Penna. R. R. Co., 98 Pa. 142, the foregoing excerpt from the opinion of Justice KENNEDY was quoted with approval, and, speaking of the particular case, Justice MERCUR said: "When the case between these parties was previously here, we held the facts proved gave no cause of action. The judgment of reversal then rendered, was a declaration of the law on that evidence. If on another trial the evidence shall be

substantially the same, it will be the duty of the court to apply the law as we then declared it. That judgment, .however, is not a legal bar to the present action.". The same may be said here with equal propriety. The judgment of reversal, when considered in the light of the two assignments of error that were sustained, and as we understand Justice STEWART's opinion, was not based on the ground that a legal cause of action was not alleged, but on the ground that the facts proved gave no cause of action; therefore, according to the doctrine of the cases cited, the plaintiff was not absolutely precluded from bringing a new action, in case she should change her mind or should discover that she could overcome the difficulty. This being so, it would be incorrect to say that she "finally lost the cause" when the judgment of reversal was entered. For the same reason the simple judgment of reversal was not a "final" decision, within the meaning of the Act of April 27, 1909, P. L. 263, relating to the taxation of the cost of printing paper-books. The evident intention of the legislature was to put this expense on the same plane with costs lawfully taxable under the act of 1897.

The order is affirmed.