## Tressler, Appellant, *v.* Emerick.

*Appeals—Costs—Act of April 15, 1907, P. L. 83.*

Where a plaintiff has appealed from the action of the lower court in opening a judgment, which is affirmed by the Supreme Court, and the case remitted to the lower court with a procedendo, and the plaintiff subsequently recovers upon the trial, he is entitled to recover the costs of the appeal.

Under the Act of April 15, 1907, P. L. 83, the "final decision" in the case determines which party shall pay the costs, and not the outcome of any particular appeal.

Argued November 10, 1924. Appeal, No. 145, Oct. T., 1924, by plaintiff, from judgment of C. P. Lancaster Co., August T., 1919, No. 202, dismissing appeal from taxation of costs in the case of Lloyd J. Tressler v. M. L. Emerick. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Appeal from taxation of costs. Before LANDIS, P. J.

The facts are stated in the opinion of the Superior Court.

462        TRESSLER, Appellant, *v.* EMERICK.

The court dismissed the appeal.  Plaintiff appealed.

*K. S. Shirk,* and with him *J. Fred. Schaffer* and *John A. Coyle,* for appellant.

*John E. Malone,* for appellee.

OPINION BY HENDERSON, J., February 27, 1925:
We have for consideration an appeal from an order of taxation of costs in a case in which the appellant caused judgment to be entered against the appellee for $6,450 on a note with a warrant of attorney for confession of judgment contained therein.  The appellee presented a petition to the court of common pleas to open the judgment to permit him to make a defense, to which application the plaintiff filed an answer and thereafter depositions were taken.  On consideration of this petition, the court opened the judgment to the amount of $2,133.69 thereby referring to a jury the question whether the defendant was entitled to a credit on the note for the last named amount.  From this order an appeal was taken by the plaintiff to the Supreme Court where the action of the court below was affirmed and the case remitted to the court below with a procedendo; the basis for such action being that there was no evidence on the record of an abuse of discretion in the opening of the judgment.  At the trial of the issue, a verdict was rendered for the plaintiff for the whole amount of the claim in dispute and judgment was entered thereon.  In the taxation of costs the prothonotary refused to credit the plaintiff with the costs of the appeal to the Supreme Court, whereupon an appeal was taken to the court of common pleas.  The latter court sustained the taxation as made by the prothonotary.  The principal item in the plaintiff's bill is the cost of printing his paper-book, and the discussion in the arguments of the respective counsel is mainly directed to that part of the bill.  Our inquiry is therefore whether the plaintiff in the judgment is en-

titled to the costs referred to? The 21st section of the
Act of May 19, 1897, P. L. 67, after defining what the
costs in any appealed case shall be, provides that they
shall be paid by the party "finally losing the cause,"
with exceptions not here relevant. The Act of April
15, 1907, P. L. 83, provides that in all appeals to the
appellate courts the party in whose favor the final de-
cision is rendered shall be entitled to charge and collect
from the losing party as part of the costs such amount
as shall be expended in printing the paper-book in said
appeal. The amendment of April 27, 1909, P. L. 263, to
this act, does not change the liability so created. In
Moser v. Philadelphia H. & P. R. R. Co., 54 Pa. Superior
Ct. 542, it was held in an opinion by President Judge
RICE that "the evident intention of the legislature was
to put this expense (printing paper-books) on the same
plane with costs lawfully taxable under the Act of 1897."
As the latter act makes the party finally losing the cause
responsible for the costs, it would follow that the ex-
pense of printing paper-books would be a charge follow-
ing the result expressed in the statute, and the use of the
word "final" in the Act of 1907 gives further indication
of the legislative intent. If it had been the intention
to make the party losing the particular appeal liable for
the cost of the paper-book in that appeal, the word
"final" would not have been appropriately used and we
must assume a legislative design in the use of language.
The "final decision" in a cause is not arrived at neces-
sarily in an appeal to an appellate court, and such is the
fact in the case out of which the present controversy
arises. The litigation between the parties was not de-
termined by the decision of the Supreme Court that the
action of the court below in opening the judgment in part
was not unlawful. The decision was in a sense interloc-
utory and was followed by a direction that the case be
proceeded with in the court below with a trial before a
jury on the merits of the case. In Henning v. Keiper,
43 Pa. Superior Ct. 177, the appellant who was charged

with treble damages in an action of trespass won a reversal of the judgment and an order of the court to enter judgment for the actual damages found by the jury, but he was not allowed to recover the cost of his paper-book for the reason that notwithstanding the fact he succeeded in reducing the amount of the judgment, he was nevertheless the losing party in the action. Pennsylvania Co. v. Wallace, 44 Pa. Superior Ct. 64, was decided with like consequence, where it was held as stated by Judge ORLADY, "the words 'final decision' in the Act of 1907, refer to the state of the record of the court in which the case is tried, which puts an end to the action; when no further question is reserved for future determination except such as may be necessary to carry the final judgment into effect." The subject was discussed and the cases relating thereto were reviewed by Judge TREXLER in Knoller v. Everett Realty Co., 65 Pa. Superior Ct. 169, where it was said "that act (April 15, 1907) provides that in all appeals to the appellate courts the party in whose favor the final decision is rendered shall be entitled to charge and collect from the losing party as part of the costs such amounts as shall have been expended for printing paper-book upon said appeal. This does not mean the party who is the victor in the particular question raised on the appeal. It is he who gets the final decision in his favor." There can be no doubt that the defendant in the judgment was "the losing party in the cause" and that the judgment on the verdict in the feigned issue was "the final decision" in the case. Giving the quoted words their appropriate significance we think it follows that the appellee's liability for the costs in question is fixed by statute. There is plausibility in the argument of the learned counsel for the appellee and in the opinion of the court below for the contention that it is unreasonable that an appellant should be permitted to recover costs on a losing appeal, but that is a legislative and not a judicial matter. It was the apparent intention of the law makers to permit

a trial of interlocutory questions by appeal, so far as such appeals are allowed, without a determination of responsibility for costs until final determination of the case, and that being the legal situation, we are constrained to hold that the appellant is entitled to the costs contended for.

The decree is therefore reversed and the record remitted to the court below with direction to sustain the appellant's exception to the refusal of the prothonotary to tax the plaintiff's costs on appeal to the Supreme Court and to direct taxation accordingly. The costs of the appeal to be paid by the appellee.