## Vogt v. Birch.

*J. E. Wilkinson*, for plaintiff; *John B. Gest*, for defendant.

ARIRD, P. J., 37th judicial district, specially presiding, Feb. 25, 1930.—In the Court of Common Pleas No. 3 of the County of Philadelphia, No. 575, December Term, 1926, pursuant to a decision of our Supreme Court at No. 300, January Term, 1929, this case was argued by counsel for plaintiff and defendant at Philadelphia on Feb. 12, 1930. It was considered by both plaintiff and defendant that, under the decision of our Supreme Court, the balance due by defendant to plaintiff was $169.99, with interest thereon from March 13, 1926.

Counsel for defendant presented argument that the court should award to the defendant the cost of printing defendant's paper-book on appeal to the Supreme Court, and that he should receive not only the cost of appeal but also the costs of litigation in the court below. In support of his application for costs, defendant relied entirely upon the case of Matthews *v*. Tyrone Coal Co., 74 Pa. Superior Ct. 588.

The plaintiff's statement of claim shows that suit was brought to recover from the defendant the sum of $2317.92, with interest thereon from March 15, 1926. The 11th paragraph of plaintiff's statement reads as follows:

"11. Plaintiff has demanded of defendant the sum of $2317.92, the sum of the amounts as set forth in paragraphs 9 and 10 hereof, but defendant refused and still refuses to pay said sum or any part thereof, *except the sum of $136.27 which defendant offered to pay plaintiff in full settlement of his claim and which offer plaintiff refused.*"

An affidavit of defense was filed by defendant, admitting that the defendant was indebted to the plaintiff in the sum of $91.55. Naturally, this sum would have borne interest from March 15, 1926, but plaintiff alleged in his statement that the defendant offered to pay to plaintiff $136.27. At the time of the trial of this case the court directed the jury to find a verdict in favor of plaintiff and against the defendant in the sum of $2545.84. The defendant

took his appeal to the Supreme Court. The lower court was reversed, and Mr. Justice Schaffer, in writing the opinion of the Court, said:

"Taking all these matters into account, it would appear that there is a small balance due to plaintiff, the exact amount of which is the subject of calculation, which can best be made by the court below with the parties and their counsel before it.

"Therefore, the judgment entered by the court below is ordered to be modified in accordance herewith, with directions to enter such judgment for plaintiff as the parties may agree upon or as the state of the accounts between them may demonstrate to be due."

It was found and not contradicted that the defendant was indebted to the plaintiff in the sum of $169.99, with interest from March 13, 1926. Now, the question of $169.99 was really not in controversy and not argued before the Supreme Court. The real question before the Supreme Court was whether or not, at the date when the second agreement was drawn between the parties, the defendant was indebted to the plaintiff in the sum of $3000, with interest, or $1000, with interest. The lower court held that it was simply $1000 and interest, and an appeal was taken from this decision, as above stated, in the Supreme Court. If we are informed correctly, this was the only question argued before the Supreme Court.

Since the decision of the Supreme Court was filed, counsel for plaintiff and defendant appeared before the lower court, and counsel for defendant claimed that the defendant was entitled to credit of $187, the amount which the defendant had paid for printing paper-books. The defendant relies upon the following case decided by our Superior Court: Matthews v. Tyrone Coal Co., 74 Pa. Superior Ct. 588. Counsel for plaintiff cited Haller Baking Co.'s Appeal, 295 Pa. 257; Weintrob's Estate, 295 Pa. 374; Tressler v. Emerick, 84 Pa. Superior Ct. 461.

The decisions cited by both plaintiff and defendant are not exactly on all fours with the instant case, but it seems to us these decisions, with the two acts of assembly cited, to wit, the Act of May 19, 1897, P. L. 67, and the Act of April 15, 1907, P. L. 83, clearly indicate that the losing party should pay for printing the paper-book of the party in whose favor the decision was finally rendered. When we note by the plaintiff's statement that suit was brought to recover the sum of $2317.92, with interest from March 15, 1926, and the defendant had offered to pay, prior to that time, $136.27, this is in accordance with the plaintiff's statement that under the decision of our Supreme Court the defendant clearly won every point made before our Supreme Court. It would also appear that the $169.99 was not in controversy in this appeal. At the final argument of this case there was no controversy between counsel for plaintiff and defendant but that the sum of $169.99 was the correct amount for which the judgment should be liquidated. Under all of the circumstances surrounding this case, in our opinion, the prothonotary should tax in favor of the defendant the cost of the appellant's paper-book, to wit, $187. After argument and consultation with Honorable William C. Ferguson, which we consider as an argument of the question before the court in banc, we make the following order:

And now, Feb. 25, 1930, the prothonotary of the court is authorized and directed to enter judgment in favor of plaintiff, John H. Vogt, against the defendant, John Birch, for the sum of $169.99, with interest thereon from March 13, 1926, together with record costs, and also we award to John Birch, defendant, the sum of $187, the amount which defendant paid for printing his paper-book.