## Mahoney, Trustee, v. Boenning et al.

*I. Emanuel Sauder,* for plaintiff.

*Alexander Conn,* for defendants.

GORDON, JR., P. J., November 13, 1939.—We dismissed defendants' exceptions to the taxation of costs in this case by the prothonotary for the following reasons: The suit involved two items of claim by plaintiff, and a verdict was rendered for plaintiff for the amount of one item only. Separate appeals were then taken to the Supreme Court by both plaintiff and defendants. Plaintiff's appeal was based upon the contention that the verdict was inadequate and should have been for both items. On the other hand, the basis of defendants' appeal was that the verdict should have been in their favor. Each party lost his own appeal, and the verdict for the one item of claim stood as rendered. Plaintiff then filed a bill of costs, in which was included an item of $668.50 for the printing of his paper books in the appellate court in the appeal which he had lost. Defendants also filed a bill of costs containing an item of $95.81 for the printing of their paper books in their appeal. The prothonotary allowed plaintiff's claim for the costs of printing his paper books, and the exceptions were filed by defendants to this allowance. We dismissed the exceptions because we were of opinion that the question is ruled by the principles laid down in the case of Tressler v. Emerick, 84 Pa. Superior Ct. 461. In that case, plaintiff had lost an appeal from the action of the lower court in opening a judgment, and subsequently, upon the trial of the case, he recovered a verdict. The lower court sustained the prothonotary in refusing to allow plaintiff's printing costs on the appeal which he had lost. This decision was reversed by the Superior Court in a comprehensive opinion by Judge Henderson in which the authorities were reviewed, and it was defi-

nitely decided that, under the Acts of May 19, 1897, P. L. 67, and April 15, 1907, P. L. 83, the party "finally" losing the cause is chargeable with all the costs of the winning party, including the printing of paper books on all appeals taken in the case, regardless of the outcome of any intermediate appeal that may have been prosecuted by either party. As was said by Judge Henderson in that case, at pages 463, 464:

"If it had been the intention to make the party losing the particular appeal liable for the cost of the paper-book in that appeal, the word 'final' would not have been appropriately used and we must assume a legislative design in the use of language. The 'final decision' in a cause is not arrived at necessarily in an appeal to an appellate court . . . There is plausibility in the argument of the learned counsel for the appellee and in the opinion of the court below for the contention that it is unreasonable that an appellant should be permitted to recover costs on a losing appeal, but that is a legislative and not a judicial matter."

Defendants contended that the allowance of costs is discretionary with the court, and that in a situation such as the present we could, in order to do equity, deviate from the general rule as laid down by the Superior Court in the case referred to above. The answer to this contention is that, even if we had such a power, we would not be inclined to exercise it in this case; because the appellate court, to which the appeal was taken, had like power, and, as it does not appear to have been inclined to exercise for the relief of defendants any powers it may have had in this respect, we assume it intended the general rule to be applied in the case. We, therefore, saw no reason for disturbing the position in which the parties were left by the action of the appellate court.

It was for the foregoing reasons that we dismissed defendants' exceptions to the prothonotary's taxation of costs.