## DOWNING *v.* LINDSAY.

1. An account for work done having been sent, the agent of the party called, and, without objection, promised it would be paid when money was received by the partnership: *Held* to be sufficient evidence of indebtedness for the jury.
2. A. having pleaded a partnership in abatement, the plaintiff commenced suit within a year and a day after the writ was quashed; process was served on the original defendant alone; the statute of limitations does not run since the commencement of the original action.
3. One of several partners being alone served with process, promises and admissions by his agent are evidence in the action.
4. And where the cause of action was alleged to have existed against the firm, and the promise set out was by the partner who alone was served, such a defect cannot be taken advantage of on the trial, and on error after a trial on the merits, the court will direct the declaration to be so amended as to show what was tried. (But, *query,* if the declaration here recited a cause of action against any one but the party served.)

ERROR to the Common Pleas of Delaware county.

*April* 22, 23.—Lindsay brought assumpsit against Downing to November term, 1841, to which a plea in abatement was filed, alleging the promises, if any there were, were made jointly with Sherer and others named in the plea. Judgment on the plea was given, and the plaintiff commenced a new suit against the parties named in the plea, at the succeeding term in 1843. Process was served on Downing alone.

The declaration was against the party served, reciting that said Downing and Sherer et al., which said Sherer et al. the sheriff returned could not be found, *was* indebted to said plaintiff in the sum of, &c., for the boarding, washing, &c., of the servants and agents of *said Downing*, at his special instance, &c., and for the stabling, &c., of divers horses of said Downing at his request; and being so indebted, *he* promised, &c.

The second count was against Downing alone, without any reference to other parties. The cause of action accrued in 1835. At the trial before King, President, at a special court, the plaintiff proved a promise by Slaymaker, one of the parties set out in the plea in abatement, and his admissions of the correctness of the account; but his honour instructed the jury to disregard this testimony, as a dissolution of the company was proved to have taken place before such admissions and promise were made. Plaintiff then called his attorney, who stated that on receiving the claim for collection, he had written to defendant, stating the account. Shortly after, defendant's son, whom he had known intrusted with the management of his father's business in other matters, called on him, in answer to that letter, and promised that the debts of the company would be paid as soon as a settlement was had for the mail

ontract with the government. In consequence of this assurance, suit was delayed.

The statements of the son were objected to, and their admission was the second error assigned.

Another witness proved the admissions by the son, who at that time stated he attended to his father's business; that he had seen the account, and a direct promise by him that his father would pay the debt on receipt of the company's funds from the government.

The third error assigned was the instruction by the judge, in answer to defendant's points, that the evidence was sufficient to take the case out of the statute of limitations. The paper book does not show that such a plea was filed.

The fourth error was, that the judge told the jury the promise was not properly a conditional one; it was but an indication of the source whence the money was to be received. Fifth. That the promise by Downing, the son, as the agent of the only defendant taking issue on the record, warranted a verdict. Seventh. That the declaration sets forth a sufficient *consideration,* and there was testimony sufficient to sustain it. The eighth exception was, that no cause of action against Downing was laid in the declaration.

*P. F. Smith* and *Lewis,* for plaintiff in error.—The evidence of the agency was hearsay only, and not competent to prove that fact; nor were his admissions in the line of his duty, Hannay *v.* Stewart, 6 Watts, 489; 1 Greenl. Ev. sect. 114; Paley on Agency, 269; Story on Agency, sects. 135, 136. [*Kennedy,* J.—Here is some evidence in the fact, the son called in answer to the letter to his father.]

But the statute of limitations had barred the action before the new suit was commenced. [*Kennedy,* J.—It would be iniquitous that the statute should run, though a suit had been commenced, which was quashed for want of parties.] The admissions of one partner are not sufficient against the firm after dissolution, Bell *v.* Morrison, 1 Pet. 351; Levi *v.* Cadet, 17 Serg. & Rawle, 126; Seeright *v.* Craighead, 1 Penna. 135; 4 Johns. 224; 2 Pick. 177; and here the suit is against the firm, and the judgment will be evidence in a suit for contribution. The statute of limitations was a bar, for an admission of liability, while the former one is in force, has no effect, Case *v.* Cushman, 1 Barr, 241; Longsdale *v.* Brown, 3 W. C. C. R. 406, 407; Angell on Limit. 250, 229. Here also there was no evidence of the original cause of action.

*Hemphill* and *Darlington,* contrà.—Agents' admissions are evidence, Greenl. Ev. sect. 432; and the presumption is of a continuance of the

agency.   The evidence to prove the agency was sufficient, 8 Watts, 394.
The silence of Downing was sufficient evidence of the cause of action
after receiving an account, and promising, by his agent, to settle it,
8 Conn. 179.   This promise was not conditional, in the legal meaning
of that term, 3 Bing. N. C. 833.   The defect in the declaration could
only be taken advantage of by demurrer; a cause of action against
the only party interested was well set out and proved; the judgment
would be no evidence against the parties not served.

*May* 4.   KENNEDY, J., after stating the facts and the declaration.—
The cause was tried upon its merits, and as if the promise had been al-
leged to have been made by all the defendants named as partners in
the writ, and as recited in the declaration; so that no possible injury
can result to the defendant on account of the defect and informality in
the plaintiff's declaration; and in order that it may appear at all times
hereafter what was tried, and the cause of action that was decided and
passed on by the court, between the parties, we think it right that the
declaration should be amended, so as to show distinctly that the pro-
mise, for the breach of which this suit is prosecuted, is a promise made
by the company, and not by the defendant alone; and accordingly di-
rect that it be so considered.   This amendment of the declaration dis-
poses of the fifth, sixth, seventh, and eighth errors assigned by the
plaintiff in error, and renders them of no avail; as will be more fully
shown in the sequel.

But the writ of summons, commencing this action, was sued out
more than six years after the cause of action first accrued, which fur-
nished the defendant below with colourable ground at least for putting
in and relying on the plea of the statute of limitations.   In order, how-
ever, to repel the effect of this plea, the plaintiff below showed, by the
records of the court, that a prior action had been brought by the plain-
tiff, for the same cause, against the defendant alone, within the six
years; to which the defendant pleaded, in abatement, that if he was
liable at all, he was only so jointly with the persons, naming them in
his plea, who are the same joined with him in the writ commencing
this action.   The plaintiff, believing that the plea was true, and such
as the defendant could establish, declined taking issue upon it, but
suffered her writ to be quashed, according to the prayer of the defend-
ant in his plea; and to the next succeeding term of the court brought
this action.   By the second section of our act for the limitation of ac-
tions, passed the 27th of March, 1713, it is provided, if judgment is
given for the plaintiff, and the same is reversed by error, or a verdict
passed for the plaintiff and judgment therein arrested, the plaintiff is

allowed a year, within which he may commence a new action, notwith-standing the time allowed for bringing the action in the first instance shall have elapsed. Our act, in this respect, is a transcript of the fourth section of the statute of limitations of James I.; in the construc-tion of which it has been held, where a writ is abated by the death of the plaintiff, or by her *marriage*, if a feme sole, the operation of the statute is prevented by the commencement of a *new suit* within a year, by reason of its coming within the principle, or the like reason, which in-duced the legislature to allow a year in cases of judgments reversed or arrested. See Kinsey *v.* Heywood, 1 Lord Raym. 434, per Treby, C. J.; Forbes *v.* Lord Middleton, Willes, 259, note (*e*); Matthew *v.* Phillips, 2 Salk. 424, 425; Angell on Limitations, 325–330; Hunt-ington *v.* Brinkershoff, 10 Wend. 278; 3 Bing. N. C. 383. We are satisfied that the abatement of the first suit, by a plea of the defendant put in for that purpose, falls within the reason and equity of the act, which allows a year for bringing a new suit in cases of reversals and arrests of judgment, though not within the letter of it; and that the plaintiff is entitled to one year, upon the same principle, within which he or she may bring a second action for the same cause. The plaintiff below, therefore, in this case, by showing the prior action commenced by her, for the same cause, against the defendant alone, and the abate-ment of it by reason of his plea, took her case out of the act of limita-tions; and this shows that the first, second, and third points submitted by the counsel of the defendant below to the court, for their instruction thereon to the jury, became wholly irrelevant and unnecessary to be decided by the court. It is self-evident that no new promise was or could be necessary to take the case out of the operation of the act of limitations, where its operation as a bar to the suit had been prevented by the commencement of a prior suit by the plaintiff, and the abate-ment thereof by the plea of the defendant. This disposes of the plain-tiff in error's third error, and shows that there is nothing in it.

The first error is an exception to the testimony of Charles A. Bernitz, which showed that the claim of the plaintiff below was correct and just, according to the statement and admissions of Samuel R. Slaymaker, who, as the defendant alleged in his plea in abatement, was a partner in the stage company. It cannot be questioned but a like admission from each one of the persons, alleged by the defendant below to be partners in the stage company, would have been admissible evidence, yet the admission of one only would be given in evidence at the same time; and whether the admission of one given in evidence could after-wards be regarded as entitled to consideration in the cause, might depend altogether upon whether the like admissions of the other part-

ners had been subsequently given in evidence. But we think the admissions of Samuel R. Slaymaker were admissible in this case against the defendant below, because he had declared upon record, by his plea in abatement, that Slaymaker was a partner with him in the stage company, against whom the claim was alleged to exist, and was actually made.

The second error is an exception to the declarations of Thomas S. Downing being given in evidence, who was a son of the defendant below, and alleged to be his agent at the time he made the declaration, in the matter to which they related. The evidence showed that when the father was written to, on the subject of the claim in suit here, the son was stating the receipt of the letter by his father, and showing that he was acquainted with its contents, and at the same time communicated what the father said in regard to it. It was also proved that the son had been known to transact business for his father, and to act as his agent in other matters. The evidence of his being agent for his father was clearly sufficient to make his communications and declarations, made in the course of his acting as his agent, admissible as evidence against the father.

The fourth error is, that the court erred in answering the defendant's sixth point. It is difficult to discover why such a point should have been submitted, as it does not seem to be raised by the evidence in the cause, and certainly could not have been the ground upon which the plaintiff claimed to recover from the defendant. Neither can I perceive that the answer given to it by the court could prejudice the defendant in the slightest degree, under any view which the jury could take of the case.

The fifth error is, that the court erred in answering the defendant's seventh point, which was, that the promise of Thomas S. Downing, if made at all, was made as the representative of Joseph M. Downing, and not of the company; and as the suit was against the company, and not against Joseph M. Downing alone, the plaintiff could not recover. To this point the court answered, that they thought the promise of Thomas S. Downing, acting as the agent and representative of the defendant, who has taken issue on the pleadings in the case, warranted a verdict against the defendant. It is abundantly clear from the evidence, that the claim was presented to the defendant, from first to last, as a claim that existed against the company, and that he was only applied to as a member of the company to pay it. The son, his agent, also understood the thing in the same way, and hence they begged for time, in hopes that a claim which the company had made against the United States would be obtained, and enable them to settle the plaintiff's in

this case. Any promise, therefore, made by the son, as the agent of his father, would, of course, be considered as made on his behalf as a member of the company, and binding only on him as such; and being sued in this case, as a member of the company, such promises might well be regarded as evidence for the plaintiff against the defendant, as a member of the company; and this seems to have been the opinion of the court below, as expressed in their answer. We therefore see no error in it.

The sixth error is an exception to the answer given by the court to the defendant's eighth point; which was, that the plaintiff could not recover on the declaration, there being no evidence to sustain it. The court, however, said, they thought there was evidence to sustain it, the force and credibility of which was to be judged of by the jury. It is not easy to discover the question that was intended to be raised by this point; but as the defendant speaks of this suit in his seventh point, as being against the company, we may presume that he meant by his eighth point, that there was no evidence given of such joint promise as was sufficient to bind each and every member of the company, in the same manner as if each had been served with the writ of summons, and been in court answering to the suit. We, however, do not think that such evidence was necessary to be given to entitle the plaintiff below to recover against the defendant, who alone was answering to this suit, and where the judgment, if rendered against him, could not bind or affect the rights of the others, seeing they were not served with the summons, and had no opportunity afforded them of being heard, and in reality could not be considered parties to any judgment that might be given against the defendant. If the evidence, therefore, given showed that the defendant admitted the existence of the claim as against the company, and that as a member thereof he was liable for it, it was sufficient to warrant the jury in finding a verdict against him. That there was such evidence given, we think is abundantly clear, from which it appears that he was made acquainted with the return of the claim, and the amount of it, and, indeed, furnished with a statement or copy of the account, which he kept without ever denying or attempting to dispute it. This was equivalent to an admission that it was correct, and sufficient to make him liable for it as a member of the company, in the present action, where he is the only one that can be affected by the judgment.

The seventh error is, that the court, in answer to the defendant's ninth point, instructed the jury that a full consideration was set forth in the plaintiff's declaration for the promise there mentioned. We can perceive no error in this. The declaration, as directed to be amended,

unquestionably shows a good consideration for the promise of the company, and shows nothing more than what was given in evidence to the jury, and actually tried and determined by them. It was a trial on the merits of the claim against the defendant as a member of the company.

The eighth error has been shown already to have nothing in it; nor would it have been right that the declaration should have stated a cause of action against the defendant individually, because he was sued as a member of the company, and the cause of action shown, ought, of course, to be against him as a member of the company.

The judgment is therefore affirmed.