## Spees, Appellant, *v.* Boggs.

*Statutes—Construction of statutes—Repeals.*

When an apparent conflict is presented by different parts of the same act, it is the duty of the courts to reconcile them if possible by such construction as will give effect to all the parts.  The presumption is that the legislature did not intend any inconsistency.  But when there is a conflict between a prior and a subsequent act the presumption is that the latter repeals the former.  The courts are not bound, nor even authorized to seek a construction that will reconcile them, further than to inquire if the conflict is real and not merely apparent.  If it is real the result is the repeal of the prior act.

The provision of the act of March 27, 1713, limiting the period of one year within which a new action must be brought after the reversal of the judgment without a venire is repealed by the Act of June 24, 1895, P. L. 236.

*Negligence—Statute of limitations—Reversal without venire.*

A woman was injured on June 1, 1897.  She brought suit on May 28, 1898, and secured a verdict and judgment in her favor, which was, however, reversed on January 7, 1901, without a new venire.  On April 15, 1901, she began a new suit for the same cause of action.  *Held*, that the second suit was barred by the operation of the 2d section of the act of June 24, 1895, which requires such action to " be brought within two years from the time when the injury was done, and not afterwards."

*Res adjudicata—Reversal of judgment without new venire.*

A reversal of judgment without a new venire is not of itself a bar to a second action for the same cause.

Argued Oct. 31, 1902.   Appeal, No. 113, Oct. T., 1902, by plaintiff, from judgment of C. P. No. 2, Allegheny County, July T., 1901, No. 102, sustaining demurrer to statement in case of Clara Spees v. R. H. Boggs and Henry Buhl, trading as Boggs & Buhl.   Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before SHAFER, J.

From the record it appeared that on June 1, 1897, plaintiff was injured in an elevator in defendant's store.   She brought suit for damages against the defendants in the court of common pleas on May 28, 1898, and recovered a verdict.   The defendants on April 30, 1900, appealed to the Supreme Court.   On January 7, 1901, the Supreme Court reversed the judgment of the court below without granting a venire de novo.

Subsequently on April 15, 1901, the plaintiff began this suit against the defendants for damages for the injuries sustained by her on June 1, 1897, to which the defendants interposed a demurrer, specifying among other reasons that the suit had been brought more than two years after the time when the cause of action arose, and that therefore her cause of action was barred by the operation of the 2d section of the Act of June 24, 1895, P. L. 236.   The plaintiff relied upon the 2d section of the Act of March 27, 1713, 1 Sm. L. 76, having laid the grounds by proper averments in the statement of claim.

The court sustained the demurrer.

*Error assigned* was the judgment of the court.

*S. Schoyer, Jr.*, and *S. B. Schoyer*, with them *John P. Hunter* and *William Kaufman*, for appellant.—The provision in the act of 1713, limiting the period of one year within which a new action must be brought after the reversal of a judgment without a new venire, is not repealed by the statute of June 24, 1895: Downing v. Lindsay, 2 Pa. 382.

We contend that the act of 1895 applies only to original

actions, and applying to original actions embraces all persons who had the right to bring such original action.

There is no repealing clause in the act of June, 24, 1895, and it is a familiar principle of law that implied repeals of statutes are not favored, and that if two statutes can stand together, the latter does not abrogate the former: Erie v. Bootz, 72 Pa. 196; Com. v. Fry, 183 Pa. 32.

The 2d section of the act of 1895 and the 2d section of the act of 1713 are in pari materia and can be construed together; and in the act of 1895, applying as it does only to original actions, suits must be brought within the period of two years.

The judgment of reversal does not operate as a bar to another suit for the same cause for action, if such suit or action be brought within the statutory period of one year: Sterrett v. Bull, 1 Binn. 238; Fries v. Penna. R. R. Co., 98 Pa. 142; Mercer v. Watson, 1 Watts, 330; Smith v. Sharp, 5 Watts, 292.

*Edwin S. Craig,* for appellees, cited: Rodebaugh v. Phila. Traction Co., 190 Pa. 358; Peterson v. Delaware River Ferry Co., 190 Pa. 364; Wiest v. Electric Traction Co., 200 Pa. 148.

OPINION BY MR. JUSTICE MITCHELL, January 5, 1903:

At common law a judgment arrested or reversed was not such an adjudication as would bar a second action. It was so assumed by counsel and court in Sterrett v. Bull, 1 Binn. 238, which appears to be the first precedent in this court for granting a venire de novo. In Mercer v. Watson, 1 Watts, 330 (342), it was held, after a learned discussion of the subject by KENNEDY, J., that a judgment reversed for an incorrect ruling on evidence by the court below could not avail for the other party as one of the two judgments in ejectment, which under the act of 1807 would bar further action. And finally in Fries v. Penna. R. R. Co., 98 Pa. 142, it was explicitly decided that a reversal of judgment without a new venire was not a bar to a second action for the same cause.

On these settled authorities it is clear that the demurrer in the present case could not be sustained on the ground that the cause of action was res adjudicata. We have therefore to consider the question of the statute of limitations.

The Act of March 27, 1713, 1 Sm. L. 76, in section 1, established a period of general limitation in personal actions. Section 2 then provided that "if in any of the said actions or suits judgment be given for the plaintiff, and the same be reversed by error, or a verdict passed for the plaintiff, and upon matter alleged in arrest of judgment, judgment be given against the plaintiff, that he take nothing by his plaint, writ or bill, then and in every such case the party plaintiff, his heirs, executors or administrators, as the case may require, may commence a new action or suit from time to time within a year after such judgment reversed or given against the plaintiff as aforesaid, and not after."

This section is also a general statute of limitations as to all actions coming within the class described, and may either enlarge or curtail the period allowed in section 1. In Downing v. Lindsay, 2 Pa. 382, it was held that a second action brought within a year after a reversal of a prior one for the same cause, was within the protection of the 2d section though it was more than the six years allowed by the 1st section after the cause arose. And the reasoning of the case makes it clear that if the second action had not been brought till more than a year after the reversal of the first, it would have been barred, though it might still have been within six years from the accrual of the cause.

This was the state of the law when the act of June 24, 1895, was passed. By section 2 of that act, P. L. 236, " every suit hereafter brought to recover damages for injury wrongfully done to the person in cases where the injury does not result in death, must be brought within two years from the time when the injury was done, and not afterwards ; in cases where the injury does result in death the limitation of action shall remain as now established by law."

The plain terms of this section include the present case. But it is argued that it is a general statute of limitations for the class of cases arising from wrongful injury to the person, and for such cases a substitute for the 1st section of the act 1713. The latter applies only to original actions, and its substitute it is said should be construed in the same way. The 2d section of the act of 1713 creates a second class of cases, namely, those in which there has been a judgment and a re-

versal, and it is now argued that that distinction should be preserved, as there is no more inconsistency between the acts of 1713 and 1895 than between the two sections of the former.

This argument is not without force, but there is one objection that seems to be insuperable. As already said, this case is within the plain words of the act of 1895, that the action "must be brought within two years from the time when the injury was done, and not afterwards." This action was not brought until nearly four years after the injury. To sustain it on the construction suggested is to make a distinction and an exception not warranted by anything in the act itself, and to produce a manifest repugnancy between it and the 2d section of the act of 1713. Conceding that this repugnancy is no greater than that between the two sections of the act of 1713, yet the rule of construction is different. When an apparent conflict is presented by different parts of the same act, it is the duty of the courts to reconcile them if possible by such construction as will give effect to all the parts. The presumption is that the legislature did not intend any inconsistency. But when there is a conflict between a prior and a subsequent act, the presumption is that the latter repeals the former. The courts are not bound, nor even authorized to seek a construction that will reconcile them, further than to inquire if the conflict is real and not merely apparent. If it is real, the result is the repeal of the prior act.

The conflict in the present case is real. The action belongs to the class provided for by the act of 1895, actions for injury wrongfully done to the person, and is in plain violation of the provision that it must be commenced within two years "and not afterwards." In Rodebaugh v. Phila. Traction Co., 190 Pa. 358, it was said that "the words of the act of 1895 are general, and there is nothing to indicate that they were not intended to establish a general rule applicable to all cases within their terms, to wit: every suit to recover damages for injury wrongfully done to the person." And in Peterson v. Delaware River Ferry Co., 190 Pa. 364, it was held that the period of limitation, two years, in that act is mandatory and makes no exceptions in favor of infancy or other disability. The principle of these cases is conclusive upon this.

Judgment affirmed.