## DI SABATINO et al. v. MERTZ.
### No. 2979.

United States District Court
M. D. Pennsylvania.
Jan. 28, 1949.

Louis H. Wilderman and Samuel Polsky, both of Philadelphia, Pa., and James W. McNulty, of Scranton, Pa., for plaintiffs.

Frank M. Walsh, of Scranton, Pa., for defendant.

MURPHY, District Judge.

Defendant moves to dismiss plaintiffs' complaint averring that the action is barred by the statute of limitations.[1]

Plaintiffs, citizens of Delaware, seek to recover from defendant, a citizen of Pennsylvania, for personal injuries sustained in the State of Virginia. Suit could have been brought in Virginia and service obtained on defendant though he was a nonresident of that State. Section 2154(70), Virginia Code. It was stipulated by coun-

---

[1] Such a motion is permitted under Rule 9(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A.; Moore's Federal Practice, 2d Ed., Section 9.07, p. 1920; Id. Section 12.10, p. 2257, citing cases.

sel that in Virginia an action of this character would have to be brought within one year from the date of the accident, and that failing therein such an action would be by Virginia law forever barred. Section 5818, Virginia Code; Barnes Coal Corp. v. Retail Coal Merchants Ass'n, 4 Cir., 128 F. 2d 645, 651.

The present action was instituted in this district after the one year period of limitation had expired. The Conflicts of Law rule of Pennsylvania is that the law of the place where the operative facts occur govern the rights of the parties. See Pennsylvania Annotations to Section 378, Restatement, Conflict of Laws; Mannsz v. Macwhyte Co., 3 Cir., 155 F.2d 445, 449. Klaxon Co. v. Stentor Electric Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477, ruled that in diversity of citizenship cases a federal court must follow the rule of conflicts of law of the state in which it sits; in this instance, Pennsylvania. "* * * the proper function of the * * * federal court is to ascertain what the state law is, not what it ought to be." 313 U.S. at page 497, 61 S.Ct. at page 1022.

The Act of June 26, 1895, P.L. 375, 12 P.S. § 39, provides "When a cause of action has been fully barred by the laws of the state or country in which it arose, such bar shall be a complete defense to an action thereon brought in any of the courts of this commonwealth." See in re Fletcher's Estate, 45 Pa.Dist. & Co.R. 673; Pennsylvania Annotations to Section 604, Restatement, supra, and see Cope v. Anderson, 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602.

At the argument on the motion plaintiffs' counsel advised the court that within the one year period an action had been commenced in the United States District Court for the Eastern District of Pennsylvania but that it was dismissed on defendant's motion for lack of venue, the defendant being a resident of this district. Such action was taken by the district court prior to the adoption of the amended Judicial Code, effective September 1, 1948. See 28 U.S.C. A. § 1406(a), which provides that "The district court of a district in which is filed a case laying venue in the wrong division or district shall transfer such case to any district or division in which it could have been brought."

The Revisers Notes to said section state that "subsection (a) provides statutory sanction for transfer instead of dismissal, where venue is improperly laid." Such provision is however not retroactive. Baltimore & O. R. Co. v. Thompson, D.C. Mo., 80 F.Supp. 570, 574. See article, American Bar Association Journal, October 1948, at·pp. 863, 963, by Maris, J., of the United States Court of Appeals for the Third Circuit. Judge Maris states inter alia, "The other new venue provision requires a District Court to transfer a case in which venue has been wrongly laid to a district where it could have been brought. (Section 1406). Both provisions will protect many plaintiffs, whose cases would otherwise have been dismissed, from having their causes of action barred by the statute of limitations."

"The general rule in respect of limitations * * * if a plaintiff mistakes his remedy, in the absence of any statutory provision saving his rights, or where, from any cause, a plaintiff becomes nonsuit, or the action abates or is dismissed, and, during the pendency of the action, the limitation runs, the remedy is barred. * * *" Willard v. Wood, 164 U.S. 502, at page 523, 17 S.Ct. 176, 181, 41 L.Ed. 531.

"Although on failure of an action other than on the merits before the statute of limitations has run against it, a new action for the same cause may be instituted within the statutory period on compliance with the terms imposed by law, unless there is a special statute saving the right to bring a new action in case a pending action fails or is dismissed otherwise than on the merits no new action can be maintained if the statutory period of limitation had fully run pending the action which had so failed or been dismissed." 54 C.J.S., Limitations of Actions, § 287, and see Id. Section 270 as to situations where there is improper venue.

"In the absence of a statute, the failure of an action during the pendency of which the statute of limitations has run will bar the remedy. * * * The statutes of

many states, however, permit the bringing of a new action within a specified time where the former action has failed for some reason other than a decision on the merits." 34 Am.Juris. Section 279, Tit. Limitation of Actions, and see Herb v. Pitcairn, 325 U.S. 77, 65 S.Ct. 954, 89 L.Ed. 1483.

" * * * according to the great weight of authority, such saving clause does not apply where the action is founded wholly upon rights granted by a statute which creates the right of action and specifies the time within which the action may be commenced, inasmuch as the time limit described in such a statute is ordinarily regarded as a limitation upon the right itself, so that when the time expires, the right is extinguished except as to actions then pending." 34 Am.Juris.Id. Section 280.

Counsel have cited no such statute in Pennsylvania applicable to this case and we have in our independent research found none. See generally Miller v. Fulton, 206 Pa. 595, 599, 56 A. 74; Harris v. Dennis, 1 Serg. & R. 236; Spees v. Boggs, 204 Pa. 504, 54 A. 346; Bucci v. Detroit Fire & Marine Ins. Co., 109 P.Super. 167, 167 A. 425; Weigley v. Coffman, 144 Pa. 489, 497, 22 A. 919, 27 Am.St.Rep. 667.

In the light of the foregoing, we have no alternative but to sustain the motion to dismiss.