**Frank FALSETTI, Plaintiff,**

v.

**LOCAL UNION NO. 2026, UNITED MINE WORKERS OF AMERICA,** an unincorporated association, and **Pittsburgh Consolidation Coal Company,** a corporation, now known as Consolidation Coal Company, a corporation, Defendants.

**Civ. A. No. 63-977.**

United States District Court
W. D. Pennsylvania.

Feb. 27, 1964.

John B. Nicklas, Jr., of McCrady & Nicklas, Pittsburgh, Pa., for plaintiff.

Kenneth J. Yablonski, Washington, Pa., for defendant Union.

Harold R. Schmidt, of Rose, Houston, Cooper & Schmidt, Pittsburgh, Pa., for defendant Company.

MARSH, District Judge.

Plaintiff, Frank Falsetti, a member of Local Union No. 2026 of the United Mine Workers of America (Union) and an employee or former employee of Consolidation Coal Company (Company), brings this action in two counts against the Union and the Company.

In the first count, plaintiff alleges that both the defendants violated his seniority rights as contained in a collective bargaining agreement between the Union and the Company. He also alleges that his Union breached its fiduciary duty of fair representation to him in refusing to process his grievances; he accuses it, inter alia, of prejudice, neglect, discrimination, and fraud in its failure to protect his rights under the contract; and demands damages from the Union in excess of $10,000.00.

In the second count, he alleges that on January 8, 1954, the Company, in conspiracy with the Union, arbitrarily and fraudulently dismissed him in violation of his seniority rights under the collective bargaining agreement. He alleges "[the Company] was influenced by favoritism, politics, and prejudice in rejecting plaintiff's grievance and refusing to consider the same". He claims damages from the Company in excess of $10,000.00.

The defendants move to dismiss on grounds that (1) the court lacks jurisdiction over the subject matter, (2) the action is barred by the statute of limitations, and (3) the action is barred by laches. In the alternative, both defendants move for a more definite statement as to the alleged conspiracy (the Union citing Rule 8(b), Fed.R.Civ.P.), and the Company moves for a more definite statement as to the averments of fraud, in accordance with the provisions of Rule 8(b), Fed.R.Civ.P.[1]

It is our opinion that on the facts alleged the court has jurisdiction of the subject matter.

Implicit in the complaint are claims of tort liability and breach of contract against both defendants, and a breach of fiduciary duty against the Union; i. e., they conspired to deprive plaintiff of his job in violation of his seniority rights under the collective bargaining agreement; they subsequently refused to process his grievances in violation of the constitution of the United Mine Workers of America and the collective bargaining agreement; and, with respect to the latter claim, the Union violated its fiduciary duty to fairly represent him, in which violation the Company wilfully participated.

We think these allegations give the court jurisdiction pursuant to § 301(a) of the Labor Management Relations Act, 61 Stat. 156, 29 U.S.C. § 185(a),[2] and pursuant to the National Labor Relations Act, as amended, 61 Stat. 136, 29 U.S.C. § 141 et seq.[3]

All counsel assume that the Pennsylvania statute of limitations[4] is applicable; counsel for plaintiff contending that it is tolled for the period consumed

1. We surmise that the Company meant to invoke Rule 9(b) which relates to particularization of fraud allegations, and the Union meant to invoke Rule 12(e) with respect to the averments of conspiracy.

2. Humphrey v. Moore, etc., 84 S.Ct. 363 (1964); Smith v. Evening News Assn., 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246; Dowd Box Co. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483.

3. See concurring opinion of Mr. Justice Goldberg in Humphrey v. Moore, supra

f. n. 2, citing Syres v. Oil Workers Int'l Union, etc., 350 U.S. 892, 76 S.Ct. 152, 100 L.Ed. 785, reversing 5 Cir., 223 F. 2d 739; Brotherhood of Railroad Trainmen v. Howard, 343 U.S. 768, 72 S.Ct. 1022, 96 L.Ed. 1283; Steele v. Louisville & N. R. Co., 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173.

4. For causes of action predicated upon breach of contract or tort liability other than for personal injury the applicable statute of limitations is 6 years. 12 Purdon's Pa.Stat.Ann. § 31.

by former litigation in the State courts,[5] and counsel for defendants contending to the contrary. If the Pennsylvania statute of limitations is applicable, it is our opinion that on the face of the complaint, the plaintiff's actions for breach of contract and tort liability resulting in plaintiff's allegedly wrongful dismissal from his job are barred despite the former State Court litigation. Di Sabatino v. Mertz, 82 F.Supp. 248 (M.D.Pa.1949); Spees v. Boggs, 204 Pa. 504, 54 A. 346 (1903); Brandmeier v. Pond Creek Coal Company, 26 Pa.Dist. 29 (C.P.Luzerne Co.1917); Helmig v. Rockwell Manufacturing Company, 389 Pa. 21, 131 A.2d 622 (1957); Baldwin v. Loew's Incorporated, 312 F.2d 387 (7th Cir. 1963); Park-In Theatres v. Paramount-Richards Theatres, 90 F.Supp. 727 (D.Del.1950), aff'd 185 F.2d 407 (3d Cir. 1950); 54 C.J.S. Limitations of Actions § 287, p. 345; 34 Am.Jur., Limitation of Actions, § 281, pp. 227–228.

However, it does not appear on the face of the complaint, or by any affidavit, when the refusal to process or consider plaintiff's grievances or any wrongful rejection thereof took place. For all that appears, any such behavior on the part of the Union and the Company may have been within the applicable period of limitations.

Furthermore, since the Labor Management Relations Act and National Labor Relations Act are federal acts, neither of which contains a statute of limitations, we think the disposition of that defense, as well as the defense of laches, might well have to be decided under federal law. Fischbach & Moore, Inc. v. International Union of Op. Eng., 198 F.Supp. 911, 915 (S.D.Cal.1961). In the circumstances, we think that these defenses should be set forth in the answers to the complaint (Rule 8(c)), and their disposition postponed until a trial on the merits, Rule 12(a).

The Company's motion for a more definite statement with respect to the averments of fraud is granted. Rule 9(b) provides: "In all averments of fraud * * *, the circumstances constituting fraud * * * shall be stated with particularity." [6] See: Freedman v. Philadelphia Terminals Auction Co., 145 F.Supp. 820 (E.D.Pa.1956).

As to the averments of conspiracy, we think they are sufficient in view of the principles of notice pleading and the right of the defendants to discovery techniques. Hence, the motions of the defendants in that respect are denied.

---

5. See affidavit filed on behalf of plaintiff. The litigation in the State Courts was commenced on August 6, 1956 and terminated by decision of the Supreme Court of Pennsylvania on June 3, 1960, 400 Pa. 145, 161 A.2d 882, 87 A.L.R.2d 1083 (1960).

6. For the elements of fraud, see 2 Moore, Federal Practice, ¶ 9.03, p. 1907, citing Southern Development Company v. Silva, 125 U.S. 247, 8 S.Ct. 881, 31 L.Ed. 678.