Frank **FALSETTI**, Plaintiff,

v.

**LOCAL UNION NO. 2026, UNITED MINE WORKERS OF AMERICA**, an unincorporated association, and Pittsburgh Consolidation Coal Company, a corporation, now known as Consolidation Coal Company, a corporation, Defendants.

Civ. A. No. 63–977.

United States District Court
W. D. Pennsylvania.

Jan. 12, 1965.

John B. Nicklas, Jr., of McCrady & Nicklas, Pittsburgh, Pa., for plaintiff.

Kenneth J. Yablonski, Washington, Pa., for defendant Local Union No. 2026, United Mine Workers of America.

Harold R. Schmidt, of Rose, Houston, Cooper & Schmidt, Pittsburgh, Pa., for defendant Consolidation Coal Co.

MARSH, District Judge.

On November 4, 1964, at the non-jury trial of this cause, we held that plaintiff's federally created[1] causes of action against his former employer (defendant, Consolidation Coal Company) and former Union (defendant, Local Union No. 2026, United Mine Workers) for alleged violation of his seniority rights under the governing collective bargaining agreement and for alleged breach of the duty of fair representation owed him by the defendant Union were barred by the six-year Pennsylvania statute of limitations, 12 Purdon's Pa.Stat.Ann. § 31.[2] Accordingly, we granted the defendants' motions for dismissal, made appropriate findings, and rendered judgment on the merits against the plaintiff. Plaintiff's motion for new trial challenges the propriety of the determination that the six-year state statute of limitations is applicable. He contends that state statutes of limitation are not applicable at all to causes of action derived from federal statutes governing labor-management relations, even though, as is the situation in this case, no appropriate federal stat-

---

1. For our opinion holding that the court had jurisdiction over the subject matter in light of Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370, see Falsetti v. Local Union No. 2026, United Mine Workers, 34 F.R.D. 461 (W.D. Pa.1964).

2. Said statute (with exceptions not here relevant) applies generally to all actions based upon breach of contract and torts not resulting in personal injury.

ute of limitations exists. Plaintiff further contends that, even if state statutes of limitation may be so applied, under Pennsylvania law the six-year statute was sufficiently tolled during the pendency of prior state court litigation involving the same parties and issues, or, alternatively, that under Pennsylvania law the obligations allegedly breached by the defendants are of such a continuing nature that no statute of limitations may be invoked to bar plaintiff's claims however late he may choose to assert them. We reject all of these contentions.

It is generally recognized that in a federal court action to enforce a federally created right or liability either at law or where the jurisdiction of law and equity is concurrent, the time limitation prescribed by the statute of the forum state is applicable if no limitation period is fixed by federal law and Congress has manifested no contrary intent. See, generally: 2 Moore, Federal Practice, ¶ 3.07; Annotation, 90 ALR 2d 265. While it is true that Fischbach & Moore, Inc. v. International Union of Op. Eng., 198 F.Supp. 911 (S.D.Cal. 1961), purports to carve out a special exception to this general rule in the area of labor-management relations, we prefer to follow United Mine Wkrs. of America v. Meadow Creek Coal Co., 263 F.2d 52 (6th Cir. 1959), cert. denied 359 U.S. 1013, 79 S.Ct. 1149, 3 L.Ed.2d 1038, and Reliford v. Eastern Coal Corporation, 260 F.2d 447 (6th Cir. 1958), cert. denied 359 U.S. 958, 79 S.Ct. 797, 3 L.Ed. 2d 765, which *followed* the general rule and held that state statutes of limitation applied to suits for damages based respectively on §§ 303 and 301 of the

Labor Management Relations Act.[3] The latter cases are cited with approval while the Fischbach & Moore decision is criticized in a note at 76 Harv.L.Rev. 1306 (April, 1963). We agree with the defendants that, in the absence of an appropriate federal limitation, federal labor policy would be best effectuated by the application of compatible state statutes of limitation which permit commencement of such actions as this within a reasonable period after accrual of the cause or causes of action. The six-year Pennsylvania statute meets the specifications. As to plaintiff's contention that an exception to the general rule is indicated by the particular and appropriate solicitude that Congress has displayed for the rights of the laboring man, we might point out that state statutes of limitation have been *uniformly* applied to suits under the Civil Rights Act for violations of federal constitutional rights —the most precious rights that any American citizen possesses. See annotation at 98 ALR 2d 1160.

Plaintiff's evidence reveals that he was "laid off" from his job by the defendant Company on January 8, 1954, purportedly in violation of his seniority rights under the governing collective bargaining agreement. Thereafter, he made extensive efforts through grievance representatives of the defendant Union to procure reinstatement to his job, but these efforts, for whatever reason, met with total frustration. Eventually, on August 6, 1956, he instituted an action in the Pennsylvania state courts against the defendant Company and various officers of the defendant Union. One month later his Union membership was involuntarily

---

**3.** Also of interest are Kosty v. Lewis, 115 U.S.App.D.C. 343, 319 F.2d 744 (1963), cert. denied 375 U.S. 964, 84 S.Ct. 482, 11 L.Ed.2d 414—District of Columbia statute of limitations deemed inapplicable *under the circumstances* to suit against trustees of *express trust* (union welfare fund) to compel payment of a retirement pension due thereunder; International U., U.A., A. & A. I. Wkrs., etc. v. Hoosier Cardinal Corp., 235 F.Supp. 183 (S.D. Ind.1964)—Indiana statute of limitations barred action for damages brought under § 301 of the Labor Management Relations Act to enforce rights of individual employees to vacation pay allegedly due by reason of collective bargaining agreement; Harmon v. Martin Bros. Container & Timber Products Corp., 227 F.Supp. 9 (D.Ore.1964)—holding that the "applicable" Oregon statutes of limitation did not bar a timely action for damages under § 301 by an assignee of claims of certain union members against employer for alleged breaches of collective bargaining agreement.

terminated. On June 3, 1960, the Pennsylvania Supreme Court filed an opinion disposing of that litigation.[4] Thereafter, and until he sought similar relief in this federal court on November 4, 1963, plaintiff slept on his rights.

 In our opinion, the Pennsylvania statute of limitations was not tolled by the pendency of the prior state court litigation, Di Sabatino v. Mertz, 82 F. Supp. 248 (M.D.Pa.1949); Spees v. Boggs, 204 Pa. 504, 54 A. 346 (1903); Brandmeier v. Pond Creek Coal Company, 26 Pa.Dist.R. 29 (C.P. Luzerne Co. 1917); 54 C.J.S. Limitations of Actions § 287, p. 345; 34 Am.Jur., Limitation of Actions, § 281, pp. 227–228, there being no applicable Pennsylvania statute protecting plaintiffs against such exigencies.[5] Nor is plaintiff's cause advanced by his contention that alleged wrongful conduct on the part of the defendants pursuant to a continuing tortious conspiracy is actionable so long as they have not properly rectified the injury inflicted. This is not the law. Garelick v. Goerlich's, Inc., 323 F.2d 854 (6th Cir. 1963); Baldwin v. Loew's Incorporated, 312 F.2d 387 (7th Cir. 1963); Park-In Theatres v. Paramount-Richards Theatres, 90 F. Supp. 727 (D.Del.1950), aff'd 185 F.2d 407 (3d Cir. 1950), cert. denied 341 U.S. 950, 71 S.Ct. 1017, 95 L.Ed.2d 1373; Helmig v. Rockwell Manufacturing Company, 389 Pa. 21, 131 A.2d 622, cert. denied 355 U.S. 832, 78 S.Ct. 46, 2 L.Ed. 2d 44.

 Plaintiff's cause of action for alleged violation of his seniority rights under the collective bargaining agreement clearly accrued on January 8, 1954, when he was "laid off" from his employment. While the evidence is such that it is more difficult to pinpoint the date that his cause of action for the Union's alleged breach of its duty of fair representation accrued, this had to be by August 6, 1956, when he commenced the state court action and asserted such a breach in his complaint filed therein.[6] The evidence does not substantiate plaintiff's contention that the defendants assumed any *continuing* obligations, duties or relationship toward the plaintiff after that date (and certainly not after September 11, 1956, when he was notified of his expulsion from the defendant Union). We do not believe that a plaintiff has a perpetual right to sue for violation of a fiduciary duty on the theory that, once undertaken, the fiduciary's duty and the fiduciary relationship last evermore—particularly when the suit is an action at law for *damages*. See: Sherwin v. Oil City National Bank, 229 F.2d 835 (3d Cir. 1956). In short, we are convinced that the statute of limitations has run on plaintiff's claims.

An appropriate order will be entered denying plaintiff's motion for a new trial.

---

4. Falsetti v. Local Union No. 2026, United Mine Wkrs., 400 Pa. 145, 161 A.2d 882, 87 A.L.R.2d 1082 (1960).

5. There is a statute which recognizes the statute of limitations problem here involved and permits new actions by plaintiffs for a period of *one year* after the reversal of judgments theretofore given in their favor. 12 Purdon's Pa.Stat.Ann. § 33. In addition to the reason otherwise readily apparent, this statute does not apply to plaintiff's benefit since judgment was rendered *against* him in the Court of Common Pleas and the Supreme Court *affirmed* the lower court's order dismissing his amended complaint.

6. Plaintiff testified in this action that he was aware at the time he commenced the state court litigation that the defendants were not going to process his grievance (T., pp. 168–169). His complaint and amended complaint filed in the state court action were replete with accusations that certain Union officers had *refused* to process his grievance, and indeed, paragraph 17 of the original complaint and paragraph 18 of the amended complaint (at No. 1180 Oct. Term, 1956, Court of Common Pleas of Allegheny County), filed August 6, 1956 and April 5, 1957, specifically charge certain Union representatives with breach of their fiduciary duty.