**Joseph T. DIMICK, Jr. and Barbara Dimick, his wife, Plaintiffs,**

v.

**THE DEPARTMENT OF THE ARMY, The United States of America, and A.T., Inc., Defendants.**

Civil Action No. 3:97–0134.

United States District Court,
M.D. Pennsylvania.

Oct. 30, 1997.

Sean P. McDonough, Scranton, PA, for plaintiffs.

Mark E. Morrison, Asst. U.S. Atty., Harrisburg, PA, Michael A. Genello, Michael A. Giannetta, Scranton, PA, for defendants.

Marianne Gilmartin, Scranton, PA, for third party defendant.

### *MEMORANDUM*

DURKIN, United States Magistrate Judge.

Before the court[1] is the defendant, A.T., Inc.'s motion to dismiss the plaintiffs' complaint. (Doc. No. 7).

Plaintiffs filed this negligence action to recover for personal injuries suffered by plaintiff Joseph Dimick Jr. sustained in a fall on August 11, 1993 at Tobyhanna Village Apartments where he resided. It is alleged that defendant Department of the Army, United States of America is the owner of the premises and that defendant A.T. Inc. leased,

---

1. This action is before the magistrate judge for all purposes with the consent of the parties. See

Doc. Nos. 6 and 19.

controlled and maintained the premises. The claim against the United States is asserted under the Federal Tort Claims Act, 28 U.S.C. § 2680. The claim against A.T. Inc. is based upon Pennsylvania law and is included in the complaint on the basis of the courts pendent or supplemental jurisdiction. (Doc. No. 1).

On May 28, 1997, an answer was filed on behalf of the defendants, the Department of the Army and the United States of America. (Doc. No. 4). On June 3, 1997, the defendant, A.T., Inc., filed a motion to dismiss the plaintiffs' complaint. (Doc. No. 7). On June 12, 1997, a brief was filed in support of the defendant's motion.[2] (Doc. No. 8). On August 1, 1997, the plaintiffs filed a brief in opposition to the defendant's motion to dismiss, as well as a document entitled "Plaintiffs' Answer to Defendant's Motion to Dismiss". (Doc. Nos. 14 & 15). As of the date of this memorandum, no reply brief has been filed.

The plaintiffs allege in their complaint that at all times relevant to this action, the defendants, the Department of the Army and the United States of America, were the owners of property known as the Tobyhanna Village Apartments. The plaintiffs further allege that the defendant, A.T., Inc., leased and/or rented from the defendants, the Department of the Army and the United States of America, the property known as the Tobyhanna Village Apartments.

The plaintiffs allege that on August 11, 1993, they rented an apartment from the defendant, A.T., Inc., at the Tobyhanna Village Apartments. On that date, as the plaintiff, Joseph Dimick, Jr., was leaving the apartment, he slipped and fell in grass located in the front of his apartment by reason of a leaking fire hydrant causing serious and permanent injuries to his person. (Doc. No. 1, p. 3, ¶ 9).

The plaintiffs allege that the accident and injuries to the plaintiff, Joseph Dimick, Jr., were caused by the carelessness, recklessness and negligence of the defendants, in that the defendants failed to maintain the property in a safe condition; failed to warn

of the dangerous condition on its property; failed to correct the dangerous condition when it knew, or should have known of its existence; failed to repair its fire hydrant located in front of the plaintiffs' apartment; failed to repair street lights located in front of the plaintiffs' apartment; and failed to post warning signs regarding the leak of the fire hydrant. (Doc. No. 1, p. 3, ¶ 9).

The plaintiff, Barbara Dimick, has a claim for loss of consortium. (Doc. No. 1, p. 6).

Both plaintiffs are seeking damages in excess of $50,000.00.

The defendant, A.T., Inc., filed the instant motion to dismiss the plaintiffs' complaint, which indicates that the plaintiffs had commenced a prior identical suit in this district on March 9, 1995. (*See* Civil Action No. 3:95–0335). In that action, the defendant, A.T., Inc., alleges that the parties had agreed that the plaintiffs did not exhaust their administrative remedies under the Federal Tort Claims Act, and that therefore the district court was without subject matter jurisdiction over the federal defendants. All parties also agreed that the claim against the defendant, A.T., Inc., would be dismissed, since the jurisdiction of the court over that defendant was invoked on the basis of pendent jurisdiction, and there was no longer a federal claim to support that jurisdiction. (See Doc. No. 7, Ex. B).

On July 6, 1995, the magistrate judge dismissed the prior action and directed the clerk of court to close the file.

Plaintiffs refiled the action on January 28, 1997.

The defendant, A.T., Inc., argues that the instant complaint should be dismissed on the grounds that the plaintiffs' claims are barred by the applicable statute of limitations; the plaintiffs' claims are barred by the doctrines of res judicata, collateral estoppel, and issue or claim preclusion; and for insufficiency of process and insufficiency of service of process. (Doc. No. 7).

Initially, the defendant, A.T., Inc., argues that the plaintiffs' complaint should be dis-

---

**2.** On August 22, 1997, A.T. Inc. filed a third-party complaint against Pennsylvania Power and Light Company which in turn filed an answer and cross claims on September 25, 1997.

missed as time barred. The defendant, A.T., Inc., argues that the plaintiffs never initiated a separate action in either federal or state court after the magistrate judge dismissed their prior federal action, and thus, their present claims are now time barred. The defendant states that once the federal action was dismissed, the statute of limitations began running with respect to the plaintiffs' claims against the defendant, A.T., Inc., and when the plaintiffs did not file a writ of summons in either federal or state court to toll the statute of limitations, it expired.

The plaintiffs, however, have attached to their response to the defendant's motion to dismiss a copy of a praecipe for writ of summons, which was filed against the defendant, A.T., Inc., in the Court of Common Pleas of Monroe County on July 27, 1995. The praecipe was served upon the defendant on August 9, 1995, and was filed prior to the August 11, 1995 expiration of the statute of limitations on the plaintiffs' claims. (Doc. No. 14, pp. 3–4, Doc. No. 15, Exs. A & B).

However, it appears that the question of whether the plaintiffs' filing of an action against the defendant A.T., Inc., in state court would toll the statute of limitations on their present federal action filed on January 28, 1997 is governed by *Int'l Union, United Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966) and *Ammlung v. City of Chester*, 494 F.2d 811 (3d Cir.1974). In *Ammlung*, a mother, acting as the administratrix of her son's estate, who died of aspiration of vomit after having been jailed, brought two (2) wrongful death and survival actions in state court.[3] She subsequently filed an action in federal court pursuant to the Civil Rights Act on the basis of allegations that there had been an illegal arrest, false imprisonment, illegal search and seizure, assault and battery, criminal negligence, cruel and unusual punishment and due process violations. The mother also asserted her state wrongful death and survivor actions as pendent claims, the same claims that were then pending in state court.

The United States District Court for the Eastern District of Pennsylvania dismissed the plaintiff's complaint on the ground that the action was barred by the statute of limitations, and the plaintiff appealed.

The Court of Appeals for the Third Circuit noted that since there was no federal statute of limitations with respect to civil rights actions, the state statute of limitations should apply to the plaintiff's actions. Thus, the court held that there was a one year after death statute of limitations on wrongful death actions, a one-year limitations period on false arrest actions, and a two-year limitations period on trespass actions. The court noted that all of the incidents of which plaintiff complained occurred more than two years before the filing of the federal action.

The court went on to discuss whether the pendency of the prior state actions filed by the plaintiff tolled the statutes of limitations for purposes of the federal civil rights action, including the pendent claims. The court noted that state law governs the question of whether an applicable state statute of limitations is tolled in an action brought pursuant to the Civil Rights Act. The court stated that the plaintiff's action would be governed by *Auto Workers v. Hoosier Cardinal Corp.*, *supra*. In that action, the Supreme Court refused to fashion a federal tolling principle, and held that the applicable state statute of limitations was not tolled by prior state litigation involving the same dispute.

In *Auto Workers*, the petitioner had filed an action in state court to recover accumulated vacation pay which was allegedly due under the terms of a collective bargaining agreement. After dismissal of the plaintiff's action on the ground that it was insufficient under state law, the petitioner brought an action in federal court.

In affirming the dismissal of the action by the district court, the Supreme Court stated that the state statute of limitations governed in the absence of any federal limitations period, and held that there was no federal tolling principle that would save the action.

---

**3.** The second wrongful death and survival action was eventually dismissed for the plaintiff's failure

to amend her complaint.

The *Ammlung* court also discussed the case of *Mizell v. North Broward Hospital District,* 427 F.2d 468 (5th Cir.1970), in which the plaintiff, a surgeon, had his surgical privileges suspended by the hospital district. After invoking state administrative remedies and appealing unsuccessfully to the state courts, the plaintiff filed a civil rights action in federal court. The district court dismissed the case as being barred by the statute of limitations. On appeal, the Court of Appeals for the Fifth Circuit reversed, holding that the applicable state limitations period was tolled by the plaintiff's administrative efforts and state litigation. The Fifth Circuit stated that it was the "underlying purpose of the Civil Rights Act to encourage utilization of state administrative and court procedures to vindicate alleged wrongs under state created remedies before requiring plaintiff to bring his federal suit". *Ammlung v. City of Chester,* 494 F.2d at 815. Thus, the Fifth Circuit held that a federal rule on tolling the state statute of limitations should be formulated and observed.

The Third Circuit distinguished *Mizell,* however, on the basis that in *Mizell,* the plaintiff's success in having his surgical privileges reinstated at the state level would have obviated the need for a federal civil rights action, whereas in *Ammlung,* the plaintiff would be entitled to recover in both the state wrongful death and survival actions and in the federal civil rights action, as the state and federal actions had separate and distinct bases for recovery. *Id.* at 818. The court also held that in addition, the court has no basis for fashioning *federal tolling* principles and that state tolling provisions govern the tolling of applicable state statutes of limitations in federal civil rights actions. The court held that to the extent that *Mizell* held to the contrary, it would not be followed.

The court held that the applicable statutes of limitations in that case were not tolled by the pendency of the wrongful death and survival actions in state court. The court noted that the running of a Pennsylvania statute of limitations against a federal cause of action is not tolled under Pennsylvania concepts of tolling by the commencement of a similar suit in state court. *Id.* (citing *Falsetti v. Local

Union No.2026,* 355 F.2d 658 (3d Cir.1966); *Di Sabatino v. Mertz,* 82 F.Supp. 248 (M.D.Pa.1949); *Spees v. Boggs,* 204 Pa. 504, 54 A. 346 (1903)). The court also stated that since the state and federal actions had independent and separate bases of recovery, and success or failure in one action would not affect in any way the right of recovery in the other action, the plaintiff's state litigation could not justify her delay in bringing the federal litigation. *Id.*

The Pennsylvania two (2) year statute of limitations for personal injury claims based on negligence applies to the Federal Tort Claims Act claims as well as the pendent state claims asserted in the present action. *See* 42 Pa.C.S.A. § 5524(2); *Peeke v. Penn Central Transportation Company, Inc.,* 403 F.Supp. 70 (E.D.Pa.1975).

Subsequent to the dismissal of their initial action in this court, the plaintiffs filed an action in state court against the defendant, A.T., Inc. That filing, however, did not toll the statute of limitations running in the federal action. Just as in *Ammlung,* the plaintiffs' state and federal actions have independent and separate bases for recovery. The federal cause of action against the defendants, the Department of the Army and the United States of America are premised in the Federal Torts Claim Act, while the plaintiffs' cause of action against the defendant, A.T., Inc., is premised on state tort law. Thus, the success or failure in one of the actions would not affect the right of recovery in the other action, and the filing of the state court action does not toll the statute of limitations on the federal cause of action.

In *Ammlung,* just as in this action, there was a timely state court action pending when the federal action, including the pendent claims, was filed out of time. In the absence of any cited state tolling provisions, the state action did not toll the statute for the subsequently filed pendent claims in federal court, and, as the court instructed in *Ammlung,* the federal court should not fashion federal tolling provisions.

Although two district court decisions *Eubanks v. Clarke,* 434 F.Supp. 1022, 1032 (E.D.Pa.1977) and *Gee v. CBS, Inc.,* 471 F.Supp. 600, 615 (E.D.Pa.1979), indicated

that *Ammlung* could be read narrowly, and that federal courts are not foreclosed from fashioning a federal tolling remedy, even if *Ammlung* was properly read by those lower courts, it was further observed that a federal tolling remedy may only be fashioned if the state tolling remedy is inconsistent with the constitution or federal law, *Gee,* at 615, that is, where a federal cause of action may be threatened. *Eubanks* at 1022. Here, both the federal and state causes of action can proceed.

It might be said that this result is at variance with the purpose of pendent or supplemental jurisdiction which is aimed at conservation of expense and judicial effort. However, it is noted that the situation in this case may arise in part because plaintiffs did not exhaust their federal administrative tort claim remedy before filing the first federal action with the result that that action had to be dismissed and plaintiffs relegated to those remedies before filing the present action. In any event, *Ammlung* and the cases relied on therein, would appear to bar the pursuit of the pendent claims in the present action.[4]

Since the plaintiffs' action against the defendant, A.T., Inc., is now time barred, the other issues raised by the defendant in it's motion to dismiss need not be addressed.

An appropriate order shall issue.

### ORDER

In accordance with the Memorandum issued this same day,

**IT IS HEREBY ORDERED THAT:** the defendant, A.T., Inc.'s motion to dismiss the plaintiffs' complaint, (Doc. No. 7), is granted.

---

**4.** It is noted that the mere ownership of the premises is not enough to impose liability on the United States. If ownership is the only basis on which plaintiffs are proceeding, the claim in any event would have to proceed only against A.T. Inc. as an independent contractor. See *Norman v. United States,* 111 F.3d 356, 358 (3d Cir.1997).